348 F.2d 136
 Mary F. EDNEY, Individually and as Executrix of the Estate of Edwin Edney, Deceased, Appellant,
v.
FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, a Corporation of Baltimore, Maryland, Appellee.
 No. 17682.
 United States Court of Appeals Eighth Circuit.
 July 15, 1965.
 
 Henry G. Morris, St. Louis, Mo., and Walter D. McQuie, Montgomery City, Mo., for appellant.
 George E. Lee, of Carter, Bull, Baer, Presberg, Lee & Stanard, St. Louis, Mo., for appellee.
 Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.
 PER CURIAM.
 
 
 1
 The motion of appellee to dismiss the appeal for lack of a final decision as basis for jurisdiction here under 28 U.S.C.A. § 1291 is granted and the appeal will be dismissed.
 
 
 2
 The action (filed in state court and removed on diversity) was one brought by a widow, individually and as executrix of her husband's estate, against an insurance company to recover judgment for $15,000, representing the amount of term life-insurance for which the husband had made application to the company, but as to which it had not issued a policy at the time of his death.
 
 
 3
 Right to recover the $15,000 was claimed on three different bases, which were made the subject of separate counts in the petition (complaint).
 
 
 4
 Count I alleged that the application for insurance, the medical-examination report showing insurability, the premium payment made, and the receipt issued therefor gave rise to a contract of insurance, and that the company was liable on this basis for the $15,000 in breach.
 
 
 5
 Count II alleged that acts and conduct of the company, in its handling of the matter and its communication to the husband in relation thereto, had reasonably induced him to believe and rely upon the fact that the application had been accepted and the insurance was being issued; that such reliance had operated to his detriment, in that the policy had been required to be taken out by him as part of the security for a loan and, except for the company's acts and conduct, he would and could before his death have obtained other insurance elsewhere; that the company thus was estopped to assert that the application had not been approved and that the insurance as applied for was not in force; and that it was liable for the $15,000 on this basis.
 
 
 6
 Count III alleged that the company had been guilty of "careless, negligent and wrongful conduct" in failing to act upon the application within a reasonable time [the husband died 49 days after making the application] and similarly to give notice of its action; that it thereby had been guilty of violation of the duty which it owed the husband as an applicant to so act and give notice; and that it was liable for the $15,000 in damages on the basis of such tortious conduct.
 
 
 7
 The District Court entered an order dismissing Counts I and III as being without basis on which relief could be granted, but left Count II standing. Later it entered a supplemental order containing, within the language of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment". It is the supplemental order which is contended to have made the dismissal of Counts I and III appealable.
 
 
 8
 Use of the language of Rule 54(b), however, would not make the court's dismissal of the two counts an appealable order, unless what was involved in them represented separate or multiple claims and not simply different legal theories for obtaining recovery in relation to the same aggregate of operative facts as also underlay Count II. Brandt v. Renfield Importers, Ltd., 269 F.2d 14, 18 (8 Cir. 1959), Pabellon v. Grace Line, Inc., 191 F.2d 169, 174 (2 Cir. 1951).
 
 
 9
 Under Rule 54(b), separate claims can exist only where there are "differing occurrences or transactions, which form the basis of separate units of judicial action". Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 1087, 86 L.Ed. 1478.
 
 
 10
 Hence, one transaction, in whatever aspect recovery may be sought on the set of facts involved in or attached to its occurrence, will give rise to only a single "claim", within the meaning of that term under the Federal Rules. CMAX, Inc. v. Drewry Photocolor Corp., 295 F.2d 695, 697 (9 Cir. 1961).
 
 
 11
 Clearly, the three counts here merely set out different legal theories as alternative bases for recovery of the $15,000 sought. The facts on which the theories were predicated all constituted part of the general bundle or aggregate of aspects entering into the basic unissued-policy situation. They therefore involve only a single claim, so that with Count II left standing as an unterminated aspect thereof, the court's dismissal of the other two counts could not give rise to a final decision under 28 U.S.C.A. § 1291.
 
 
 12
 Appeal dismissed.