**In re BROMLEY–HEATH MODERNIZA-TION COMMITTEE et al., Petitioners.**

**No. 71–1279 Original.**

United States Court of Appeals,
First Circuit.

Sept. 22, 1971.

Marshall D. Stein, with whom Michael Feldman, Boston, Mass., was on petition and memorandum in support thereof.

George F. Mahoney, Boston, Mass., for Boston Housing Authority.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiffs seek a writ of mandamus to order the district court, which has refused to do so, to enter a partial final judgment with respect to its order dismissing certain of their claims, pursuant to the discretionary powers afforded to it under F.R.Civ.P. 54(b). Plaintiffs offer no case where this has been done. Nor do they meet successfully the heavy burden, Will v. United States, 1967, 389 U.S. 90, 95–96, 88 S.Ct. 269, 19 L.Ed.2d 305, that lies upon them to obtain such extraordinary relief.

Prior to Rule 54(b) there was no right of appeal in the situation where the district court disposed of part, but not all, of a case. See Committee Note to 1946 Amendment. It seems to us clear that the intent of the rule was to reserve initially to the district court the right to determine whether it was satisfied in its mind that a dismissal of part of a case was "final," and not to create a greater right of appeal. Clearly the purpose of the rule is not to encourage broadly piecemeal appeals just because an appellant may be in a hurry.

In the present case there is some very possible relationship between the counts which have been presently dismissed and those which are, to date, retained for trial. It is possible that one of the reasons motivating the district court to refuse to make its order final was a recognition that at some later date it might see occasion to change its mind. Even if, however, the court merely felt that one appeal in the entire case would be more desirable than two, plaintiffs fall far short of presenting a compelling reason for warranting our interference with that judgment.

Petition dismissed.