Ramona **AREIZAGA**, etc., et al., **Plaintiffs,**

v.

Arthur F. **QUERN, Director, Illinois Department of Public Aid, etc., Defendant.**

No. 77 C 276.

United States District Court, N. D. Illinois, E. D.

Aug. 23, 1977.

Opinion and Order Dec. 13, 1977.

Alan J. Barak, Robert E. Lehrer, Henry T. Zausner, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., Thomas C. O'Laughlin, Sp. Asst. Atty. Gen., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

The instant action, brought under 42 U.S.C. § 1983, challenges the policy and practice of the defendant Illinois Department of Public Aid ("IDPA") of denying to claimants and recipients of public assistance seeking administrative review of adverse decisions the opportunity of reviewing their case files prior to and during the administrative hearings, except as to those items which the IDPA chooses to use at the hearing as evidence against them.

The court has granted leave for this action to proceed as class action in behalf of:

"All Illinois claimants for and recipients of public assistance benefits and/or services under Title IV–A, and/or XIX, and/or XX of the Social Security Act; and/or Aid to the Aged, Blind, and Dis-

abled under P.L. 93–66, § 212, as amended, who file administrative appeals with the Illinois Department of Public Aid regarding such benefits and services."

A preliminary injunction has been entered in behalf of the plaintiffs by the court.

■ Although the defendant argues extensively that the court lacks jurisdiction in this matter, there is no merit to this contention. Claims alleging the unconstitutional denial of due process are cognizable under § 1983 unless they are either frivolous or insubstantial. *Hagans v. Lavine,* 415 U.S. 528, 537–38, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). At most, the assertion of insubstantiality rests upon a contention that the courts have never expressly ruled upon constitutional grounds in favor of this type of claim. Even if it is conceded that this case does raise some relatively novel due process issues, it is hardly one that is frivolous or utterly without merit. Indeed, an essentially identical constitutional claim was deemed by the court in *Feld v. Berger,* 424 F.Supp. 1356 (S.D.N.Y.1976), to raise "fundamental questions of notice and denial of a fair opportunity to present an adequate case, [which] are not frivolous or insubstantial." Fn. 12 at 1360.

■ Furthermore, the instant action is also based upon a statutory claim, seeking the enforcement of federal regulations pursuant to the Social Security Act, which are binding upon the defendant. This provides an independent basis of federal jurisdiction for this § 1983 suit. Indeed, pursuant to the directions of the Supreme Court, it is the obligation of this court to initially consider the non-constitutional claims before reaching the due process issues. *Hagans v. Lavine, supra.*

The few factual matters in this case are not disputed. The defendant admits in its answer that its

"continuing policy and practice is to deny to all persons bringing administrative appeals against IDPA the opportunity to examine or have their legal representative examine their own case files, with the exception only of those items which IDPA itself selects to use in evidence against those persons."

This policy is incorporated in IDPA regulation PO–235.9.

In practice this means that the IDPA, acting in essentially an adversary role, censors an appellant's access to the file containing the information relating to his or her case. It thus provides only the least favorable materials, those which it will use as evidence against the appellant's claims. The court cannot share the apparent assumption of the IDPA that the only relevant materials are those items in the file which can be used to justify denial of assistance.

■ In any event, it is not necessary to reach any conclusion as to the plaintiffs' due process claim,[1] since it is clear that this policy of the IDPA contravenes H.E.W. regulations. The state is obligated to comply with such regulations as a condition of receiving federal funds for public assistance programs. *Philbrook v. Glodgett,* 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

■ The regulation in question, 45 C.F.R. § 205.10(a)(13)(i) (1976), provides that a claimant for assistance or his representative shall be granted adequate opportunity

"to examine *the contents of his case file and all documents and records to be used by the agency at the hearing* at a reasonable time before the date of the hearing

---

1. The essential unfairness of allowing the IDPA to select the evidence to be revealed to an appellant at an adversary hearing does however bear upon the plaintiffs' contention that the challenged policy also violates 45 C.F.R. § 201(a)(13)(iv–vi) (1976). These regulations give claimants of assistance the opportunity to (iv) establish *all* pertinent facts and circumstances (emphasis added); (v) advance any ar-

guments without undue interference; and (vi) question or refute any testimony or evidence. While it might be argued that there are alternative sources of evidence available to the plaintiff class, in practice the Department files are the most practical source of relevant material for these individuals, who are generally neither skilled in the law, nor always of the best education.

as well as during the hearing." (Emphasis added.)

This section replaced a preceding rule which only granted "adequate opportunity . . to examine all documents and records used at the hearing." 45 C.F.R. § 205.10(a)(10)(i) (1972), a more limited right which reflects the defendant's current practice.

This regulation plainly entitles the plaintiff class to examine the entire contents of their files prior to and during an appeals hearing. This was the express holding of the court in *Feld v. Berger, supra,* at 1363. Judge Weinfeld was compelled in *Feld* to construe the plaintiff's entitlements pursuant to the regulation; it is irrelevant that the improper restrictions imposed by the New York welfare authorities were more egregious than in the instant case.

▮ The construction of the regulation in *Feld* is clearly correct. The inclusion of the words "contents of his file and" cannot be viewed as merely a clarification of "documents and records to be used by the agency at the hearing." The revised regulation grant the latter right to claimants *and* access to the contents of their file. Although "and" is a "kleine wortlein",[2] "and" can have great impact. It indicates that the records to be used by the agency at the hearing are to be supplied *in addition to* the materials in the file. If the words "contents of his file" were intended as a mere clarification of the old regulation, they would have been written as an appositive, or perhaps in the disjunctive, but in any event without the "and".[3]

▮ Nor is this reading of the current regulations upset by the publication of inquiries regarding proposed *new* regulations. It may be possible that H.E.W. is considering the future limitation of public assistance appellants' access to their files. This has no bearing upon the rules presently binding upon the defendant. It is noteworthy, however, that the pre-proposed regulation, § 214.43 [41 Fed.Reg. 52,498 (1976)] cited by the defendant, would still require greater disclosure of an appellant's files than allowed by current IDPA practice and policy.[4]

▮ Accordingly, the court finds that there is no genuine issue of material fact, and that the plaintiff class is entitled to summary judgment as a matter of law. The motion of the plaintiff class for summary judgment is hereby ordered granted.

The plaintiff class is therefore entitled to a permanent injunction enjoining the defendant from:

(1) Enforcing all state regulations, particularly IDPA Categorical Assistance Manuals PO–235.9, PR–235.9, PR–235.12, which mandate, effectuate or otherwise apply its current practice of denying the plaintiff class review of their entire case files at a reasonable time prior to and during the administrative hearings;

(2) Failing to permit members of the plaintiff class and/or their designated representatives to inspect, make notes from, make photostatic copies of and otherwise examine any items in their entire IDPA case files at a reasonable time prior to and at their scheduled administrative hearings;

(3) Failing to provide members of the plaintiff class and their designated representatives with written notice (at a reasonable time prior to their administrative hearings) of their right to make notes from, make photostatic copies of, and otherwise examine their entire IDPA case files at a

---

2. *Cf.* R. Wagner, *Tristan and Isolde,* Act II (the love scene), where Isolde speaks of the power and significance of "das kleine wortlein, und," ["that tiny little word, 'and' "].

3. The fact that these words were added to the regulation "without comment" does not deprive them of their natural meaning.

4. The pre-proposed regulation makes available "the entire contents of [the applicant or recipi-ent's] case record". "Case record" is defined as "the official repository of all materials including the original application form, documents of verification etc. used by the agency to determine or redetermine an individual's eligibility for, and the amount or type of assistance or services." It is not limited to the evidence which the Agency chooses to introduce at the hearing.

reasonable time prior to and at their administrative hearings.

The court hereby declares, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that the current practice and policy of the defendant IDPA of limiting the access of the plaintiff class to their case files to those items which the IDPA selects for introduction at an adversary hearing, to be in violation of the regulation published at 45 C.F.R. § 205.10(a)(13)(i) (1976), and further declares that practice and policy deprives the plaintiff class of its rights secured by the laws of the United States.

## MEMORANDUM OPINION AND ORDER

This is a class action brought under 42 U.S.C. § 1983 to compel defendant, Director of the Illinois Department of Public Aid, to comply with certain federal regulations in his administration of the welfare system in Illinois. At issue is defendant's policy of not allowing aid claimants full access to their case files for purposes of appealing through administrative channels decisions denying them assistance or reducing the amount of assistance they receive.

On August 23, 1977, on plaintiff's motion for summary judgment, the court found that defendant's policy violated the federal regulations set down in 45 C.F.R. § 205.-10(a)(13)(i) (1976) and ordered defendant to permit all members of the plaintiff class to "inspect, make notes from, make photostatic copies of and otherwise examine any items in their entire IDPA case files." Defendant was also ordered to give members of the plaintiff class notice of their right to such inspection. Now before the court is defendant's motion to amend the judgment.[1]

At the outset, the court is met with plaintiffs' argument that all of the points raised in this motion could have been brought to the court's attention while the motion for summary judgment was under consideration, and are now untimely. De-

fendant responds that the only issue involved in the summary judgment motion was the applicability of the federal regulations, and that he is now merely seeking to define the proper limits of the court's order. Whatever the merits of these opposing characterizations of the summary judgment issues, the court is aware of the fact that whatever order it enters in this case will profoundly affect the operation of a major governmental program whose efficient administration is in the interests of welfare recipients as well as the public in general. In such a case, the court should be particularly sensitive to the need for precision in drafting its orders, and correspondingly hesitant to dismiss arguments merely because they could have been raised earlier. The court will consider the defendant's motion on its merits.

Defendant's first argument is that the order should be amended to exclude from its coverage several kinds of documents, including "internal" communications of the IDPA, medical records, confidential materials, psychological reports which may be harmful to the recipient, and investigative reports prepared for law enforcement purposes. It is apparent that the court could not grant any of the relief requested by defendant merely on the basis of his general description of the documents involved. The federal regulations are evidence of a strong national policy that recipients of public aid should be allowed to inspect their own files. In order for the court to find that any particular kind of document should be exempted from this policy, it would have to inquire into just what kinds of information are contained in such documents, how seriously it would inconvenience a state welfare agency to have such information revealed, and whether it would significantly prejudice claimants in the preparation of their appeals if the state agency were authorized to decide when to withhold such information. These are ques-

---

1. The court also has on file a "motion for instructions" submitted by defendant. The court believes its discussion in this memorandum opinion should answer any questions defendant has about his duties under the terms of the court's order, and that no ruling on this unusual motion is required.

tions which are particularly well suited for resolution through the administrative rule-making process, and particularly ill-suited for resolution by this court in the context of this case. The court will not undertake such an inquiry unless it appears that the regulation itself leaves open the question of which documents should be disclosed.

Defendant first argues that the regulation is ambiguous because it gives a claimant the right to examine "the contents of his case file and all documents and records to be used by the agency at the hearing . . . ." If the phrase "contents of his case file" were intended to mean all documents therein, defendant contends, the reference to documents to be used at the hearing would be unnecessary and redundant, and therefore "contents of his case file" must have a more restrictive meaning. On its face, the word "contents" is unmodified; even the cautious legal draftsman's favorite adjective—"reasonable"—is conspicuous by its absence from the regulation. The meaning defendant seeks to attribute to the redundant phrasing of the regulation is far too tenuous to overcome the plain words used, particularly when one considers the degree to which redundancy without meaning flourishes in the Code of Federal Regulations. If the use of the phrase "and all documents and records to be used  .   .   . at the hearing" has any independent significance, it is more likely that it was intended to cover the possibility that the agency would utilize at the hearing documents which were not previously on file. In this context it is significant that the regulation specifically gives the claimant the right to inspect records during the course of the hearing itself, as well as prior to it.

■ Defendant's next argument is that the phrase "contents of his case file" should be defined by reference to the list of records the agency is required to maintain for federal inspection by 45 C.F.R. § 205.-60(a)(1) (1976). In the first place, the court is not at all convinced that application of the standards of this regulation would lead to the result sought by defendant. Defendant lays heavy emphasis on the repeated use of the word "facts" in § 205.60(a)(1) and claims that the documents he wishes to withhold contain opinions rather than facts. But the distinction between "opinion" and "fact" in this context is very tenuous, as defendant concedes when he admits that a doctor's opinion as to a claimant's state of health would have to be considered a fact for purposes of § 205.60(a)(1). To give defendant authority to withhold any document that he classifies as opinion would give him wide and virtually uncontrolled discretion to censor the information available to claimants. In the second place, § 205.60(a)(1) merely sets out the information which defendant is required to maintain in his files. Effectuation of the policy of § 205.10(a)(13)(i) requires that a welfare claimant be given access to the information which the agency actually does maintain in its files, and on the basis of which adverse decisions are actually made.

■ Finally, defendant argues that there are certain exemptions to disclosure statutes that are so well established that the regulations should be construed in light of what may be called a common law of disclosure. The court does not find this theory convincing. · Disclosure laws are highly technical in nature, and each is tailored to take into account the kind of information involved and the context in which disclosure is sought. Exemptions from one law cannot be automatically transplanted into others. The court simply cannot believe that the promulgator of regulations as specific and detailed as those which govern the welfare system would have left the definition of exceptions to the disclosure policy to anything as nebulous as a common law of disclosure. In sum, the court finds that § 205.10(a)(13)(i) clearly requires that all documents in a claimant's file be disclosed, and will deny the motion to amend. Defendant's complaints about this· policy must be directed to the Secretary of Health, Education and Welfare. It is he, not this court, that has the obligation and authority to make any necessary amendments to the disclosure policy.

 Defendant's second contention is that the regulation makes no mention of giving claimants notice of their right to inspect their files or of a right to make photostatic copies, and therefore that the court had no authority to require defendant to do so. This argument is based on a misunderstanding of the distinction between rights and remedies. A claimant's right to inspect and make use of his own case file in preparing an administrative appeal is a substantive right secured by the laws of the United States, and in an action brought to redress a deprivation of that right under 42 U.S.C. § 1983, this court has all the powers of a court of equity and may enter any appropriate order which will effectuate the right and implement the intent of Congress in creating it.

Since defendant has in the past refused to allow claimants to inspect their files, a requirement that in the future he notify claimants that they now have the right to do so is an appropriate form of equitable relief. The effectiveness of the court's order would be greatly diminished if claimants are not informed of the change in agency policy which it compels. Moreover, the giving of notice imposes very little burden on defendant, since the only persons affected are those who have an adverse decision entered against them and wish to appeal. Defendant must notify these persons of the decision and of their right to appeal, and it will be little trouble for him to add a sentence also notifying them of their right to inspect their files.

The right to make photostatic copies is similarly necessary to implement claimants' right to make use of their files. In the modern world, the photocopy machine has become an indispensible tool for studying written materials that cannot be removed from their source to be perused at leisure. However, defendant seems to have interpreted the court's order to require him to make copies of documents for claimants at his own expense. The order only required defendant to *permit* claimants to make copies. To remedy this confusion, the court will add the phrase "at their own expense"

to the order. However, the order still contemplates that facilities for making copies will be reasonably available. Defendant can make whatever arrangements are most convenient, either by arranging for access to a coin-operated machine or by permitting claimants to use his equipment at cost. The court sees no need to enter any further order on this subject at this time, but if the availability of photocopying facilities proves to be an insoluble problem, the parties may present it to the court for resolution.

As a final procedural note, plaintiffs have pointed out that no final judgment was ever actually entered in this case, although the court's ruling on the summary judgment motion clearly disposed of the entire case. Therefore, the clerk will be instructed to enter a final judgment.

IT IS HEREBY ORDERED that the Order of this court dated August 23, 1977, be amended by the insertion of the phrase "at their own expense" between the words "make" and "photostatic" in paragraphs two and three of the injunction order on page 173, and that defendant's motion to alter or amend judgment be, and the same hereby is, in all other respects denied. The clerk is directed to enter final judgment in this case in accordance with the order of August 23, 1977, as herein amended.