585 F.2d 336
 Janice Ann PAGE, Individually and on behalf of all other
persons similarly situated, Appellant,
v.
Victor PREISSER, Commissioner of the Iowa Department of
Social Services, Marjorie Lidgett, Income Maintenance
Administrator of the Pottawattamie County Office of the Iowa
Department of Social Services, Jean Potter, Assistant Income
Maintenance Administrator and ADC Supervisor for the
Pottawattamie County Office of the Iowa Department of Social
Services, Individually and in their official capacities, Appellees.
 No. 78-1004.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 18, 1978.
Decided Oct. 2, 1978.
 
 John G. Hinde, Legal Services Corp. of Iowa, Council Bluffs, Iowa (argued), and Janice M. Woolley, Council Bluffs, Iowa, on brief for appellant.
 Stephen C. Robinson, Sp. Asst. Atty. Gen., Des Moines, Iowa (argued), Richard C. Turner, Atty. Gen., Theodore R. Boecker, and John J. Piazza, Asst. Attys. Gen., Des Moines, Iowa, on brief for appellees.
 Before HEANEY and STEPHENSON, Circuit Judges, and SCHATZ,* District Judge.
 HEANEY, Circuit Judge.
 
 
 1
 Janice Ann Page commenced this action under 42 U.S.C. § 1983 on behalf of herself and all others similarly situated, challenging certain regulations issued by the Iowa Department of Social Services (the Department).[1] She argued that: (1) the Iowa regulations are inconsistent with regulations of the Department of Health, Education and Welfare (HEW) and are void under the supremacy clause of the Constitution, and (2) the Iowa regulations violated her right to due process under the Fourteenth Amendment.[2] The District Court granted the Department's motions for summary judgment on both issues. We hold that the Iowa regulations are inconsistent with the HEW regulations and violative of the supremacy clause and reverse.
 
 
 2
 Janice Page's application for Aid to Families With Dependent Children (AFDC) and Medicaid benefits had been denied by the Department. In the course of her administrative appeal, she requested access to her case file. The Department refused to permit total access but offered only those portions of her file the Department intended to use in the administrative appeal. She then sought in the District Court a temporary restraining order to enjoin the Department from conducting her administrative hearing until the court had an opportunity to resolve her claims.
 
 
 3
 The District Court confronted the supremacy clause question first[3] and held that the Iowa regulations were not inconsistent with the federal regulations. It granted the Department's motion for summary judgment. Then, pursuant to Fed.R.Civ.P. 54(b),[4] the court, finding no just reason for delay, ordered final judgment to be entered upon the supremacy clause issue. No appeal was taken from that order. Approximately a year later, the court granted the Department's motion for summary judgment and entered final judgment on the due process clause issue. Page appeals from that order of the court. In this appeal, she raises both the supremacy clause and due process issues.
 
 I.
 
 4
 A. Initially, we decide whether Janice Page can raise the supremacy clause issue in this appeal. Ordinarily, the period of time for taking an appeal begins to run from the time the district court certifies a claim as appropriate for immediate appeal under Fed.R.Civ.P. 54(b). 10 C. Wright & A. Miller, Federal Practice and Procedure § 2661 at 90 (1973). Page did not appeal from the District Court's denial of her supremacy clause argument. She contends, however, that because her lawsuit involves only a single claim rather than multiple claims, the court improperly certified the supremacy clause issue as a separate claim under Rule 54(b). If the court erred in certifying the supremacy clause issue, she argues, she is not precluded from raising it, together with her due process argument, in this appeal.
 
 
 5
 It is clear that a district court's decision to issue a Rule 54(b) certificate is not conclusive. Appellate courts have broad reviewing power in determining whether a district court has properly applied the rule and correctly certified an appeal. See Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 274 (2d Cir. 1968); RePass v. Vreeland,357 F.2d 801, 804-805 (3d Cir. 1966); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2655 at 35 (1973). In most cases, however, unlike the present action, the party challenging the certification takes a timely appeal from the court's order. Our research has failed to disclose any cases specifically deciding whether a party who neglects to take a timely appeal from a district court's Rule 54(b) certification may challenge the propriety of that certification after the period of time for taking an appeal has expired; and if the certification is held to have been erroneous, whether the party may, in his appeal from the court's final judgment of the remaining claims, seek review of the district court's adverse decision on the substantive claim underlying the Rule 54(b) certification.
 
 
 6
 We hold that such challenges may be made; and when a district court erroneously certifies a claim as appropriate for immediate appeal under Rule 54(b), a party may raise that claim in a timely appeal from an adverse decision on the remaining claims in the lawsuit. While, technically, the period for taking an appeal begins to run from the time the district court enters final judgment pursuant to the Rule 54(b) certification, if the certification is erroneous, there is, in fact, no proper final judgment from which a party must appeal. Thus, if an action involving a single claim is incorrectly categorized by the district court as one involving multiple claims, a party ought not be precluded from raising the propriety of the court's certification in a timely appeal from an adverse judgment on the other claims in the lawsuit.
 
 
 7
 Thus, we turn to Page's contention that this lawsuit involves only a single claim with alternative arguments for relief and was improperly categorized by the District Court as a multi-claim action to which the application of Rule 54(b) was appropriate.
 
 
 8
 B. Rule 54(b) was originally enacted to avoid the possible injustice that might result if judgment of a distinctly separate claim were delayed until adjudication of the entire case. See Advisory Committee on Rules for Civil Procedure (1946), Reprinted in 5 F.R.D. 472 (1946). The rule did not, however, purport to amend or dilute the fundamental rule against splitting a cause of action and deciding appellate cases piecemeal. See In re Bromley-Heath Modernization Committee, 448 F.2d 1271 (1st Cir. 1971). See also Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Thus, Rule 54(b) allows an appeal only from a judgment on a separate claim and both courts and commentators have expressed the exceptional nature of a Rule 54(b) certification. See 10 C. Wright & A. Miller, Federal Practice and Procedure § 2654 at 33 (1973). Rule 54(b) certifications should not be entered routinely or as a courtesy or accommodation to counsel. See Panichella v. Pennsylvania Railroad, 252 F.2d 452, 455 (3d Cir. 1958), cert. denied, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960).
 
 
 9
 Courts have struggled in attempting to delineate a precise definition of "claim" for purposes of Rule 54(b). See Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 743 n.4, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); 6 J. Moore, Federal Practice PP 54.24, 54.33 (2d ed. 1976). It is clear that a claimant who presents a number of alternative legal theories, but whose recovery is limited to only one of them, has only a single claim of relief for purposes of Rule 54(b). See Edney v. Fidelity & Guaranty Life Insurance Company, 348 F.2d 136, 138 (8th Cir. 1965). One commentator has aptly summarized the policies underlying this view.
 
 
 10
 The trial judge is generally not permitted to certify the dismissal of fewer than all of a party's counts when his remaining counts deal with the same transaction or occurrence as those appealed. * * * By thus forbidding certification of an order dismissing fewer than all of a party's legal theories based on the same transaction, the courts leave open the possibility that the party will still be awarded relief, an event that would render unnecessary an appellate determination on the dismissal; this possibility disappears where no alternative theory for relief remains. * * * In addition to eliminating unnecessary appeals, (this approach) avoids appellate review of the same evidence on more than one appeal.
 
 
 11
 Note, Appealability in the Federal Courts, 75 Harv.L.Rev. 351, 360-361 (1961).
 
 
 12
 In her complaint in the District Court, Page sought to have certain Iowa regulations invalidated. She asserted alternative constitutional theories in support of her argument. Her complaint, however, arose out of a single transaction and asserted only a single claim. See Edney v. Fidelity & Guaranty Life Insurance Company, supra, 348 F.2d at 138. As the Supreme Court has recently stated:
 
 
 13
 Rule 54(b) "does not apply to a single claim action. * * * It is limited expressly to a multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal."
 
 
 14
 Liberty Mutual Insurance Co. v. Wetzel, supra, 424 U.S. at 743, 96 S.Ct. at 1206, Citing Sears, Roebuck & Co. v. Mackey, supra, 351 U.S. at 435, 76 S.Ct. 895.
 
 
 15
 Thus, the District Court erroneously held that the supremacy clause issue constituted a separate claim. Because the court improperly certified the supremacy clause issue under Rule 54(b), Page is not precluded from raising that issue in this appeal.
 
 II.
 
 16
 Page contends that certain regulations of the Iowa Department of Social Services conflict with those of HEW and are invalid under the supremacy clause.
 
 
 17
 Iowa participates in the cooperative federal-state AFDC program. The program, which emerged from the Social Security Act of 1935, As amended, 42 U.S.C. § 601 Et seq., is financed primarily by the federal government on a matching fund basis and is administered by the individual states. King v. Smith, 392 U.S. 309, 316-317, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). States are not compelled to participate in the program. Those states that choose to receive federal funds under the program must submit to the Secretary of HEW a plan that conforms to the Social Security Act and the regulations promulgated by HEW. See Shea v. Vialpando, 416 U.S. 251, 253, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974).
 
 
 18
 Under 42 U.S.C. § 602(a)(4), a state AFDC plan must provide a recipient, before he is denied benefits, "an opportunity for a fair hearing before the State agency." Pursuant to its authority under 42 U.S.C. § 1302, the Secretary of HEW has promulgated regulations to administer the Social Security Act and further its objectives. 45 C.F.R. § 205.10(a)(13)(i) (1977), which has been promulgated by the Secretary, provides:
 
 
 19
 (a) State Plan Requirements. A state plan * * * shall provide for a system of hearings under which:
 
 
 20
 (13) The claimant, or his representative, shall have adequate opportunity:
 
 
 21
 (i) To examine the contents of his case file and all documents and records to be used by the agency at the hearing at a reasonable time before the date of the hearing as well as during the hearing(.)
 
 
 22
 Page argues that these regulations require a participating state to provide an AFDC recipient with complete access to his file prior to a hearing at which a determination whether to terminate his benefits is made. The Iowa regulations, she argues, do not provide complete access.
 
 
 23
 The Iowa regulations provide that prior to an administrative appeal, "the department shall make available to the * * * recipient * * * all documents and records to be used by the department at the hearing as well as during the hearing." Iowa Administrative Code § 770-9.1(1). In addition, the recipient is permitted access to his entire case file with the following exceptions:
 
 
 24
 a. All medical and psychiatric information contained in the * * * recipient's case record shall be released only to a doctor or psychiatrist designated in writing to be the representative of said * * * recipient and the attorney of record for said applicant.
 
 
 25
 b. The names of third parties unless said third parties have expressly agreed in writing to waive whatever rights to confidentiality that such persons may possess. The information provided by said third parties is available for inspection by the * * * recipient unless the release of said information will make the third party readily identifiable to the * * * recipient.
 
 
 26
 Iowa Administrative Code § 770-9.1(2)(a) & (b).
 
 
 27
 The recipient may, if he believes the name of a third party or the information provided is necessary for presentation of his appeal, request the hearing examiner to inspect the file In camera to determine whether release of the information is necessary. If the examiner decides that the information should not be released, he may not consider it in disposing of the appeal. Iowa Administrative Code § 770-9.1(2)(b)(1) & (2).
 
 
 28
 The District Court stated that 45 C.F.R. § 205.10(a)(13)(i) (1977), which requires a recipient to have an Adequate opportunity to examine the contents of his case file, does not require "unconditional or totally unrestricted" access to the file. The court held that so long as a state plan provides a claimant with a sufficient opportunity to examine the materials that might aid in preparation for or presentation of his defense at the administrative hearing, the requirements of the HEW regulations are met. The court found that the Iowa regulations provide the claimant with sufficient access. In particular, the court found that the following three factors minimize the impact of the Iowa restrictions on access to identification of third parties:
 
 
 29
 (1) the applicant has the right to have an In camera inspection and determination by a hearing officer as to the need for releasing (third party) information;
 
 
 30
 (2) any information not subject to the claimant's examination must be totally disregarded as a basis for a decision at the administrative hearing;
 
 
 31
 (3) it would be a rare occasion * * * when a third party, who had provided information * * * (beneficial to) the claimants' cause at the hearing, would refuse to waive the disclosure of his name to the claimant.
 
 
 32
 We disagree with the District Court's analysis. The court appears to have examined whether the Iowa regulations afford an AFDC recipient a reasonable opportunity to prepare his defense. This analysis, to be sure, would be relevant in deciding whether the Iowa regulations satisfy due process. In determining whether the state regulations are inconsistent with the federal regulations and in violation of the supremacy clause, however, a court need only examine whether, in light of the federal regulations, the AFDC recipient is afforded disparate treatment under the state scheme.
 
 
 33
 Reasonably construed, 45 C.F.R. § 205.10(a)(13)(i) (1977) "plainly entitles the (recipients) to examine the Entire contents of their files prior to and during an appeals hearing."[5] Areizaga v. Quern, 442 F.Supp. 168, 173 (N.D.Ill.1977) (emphasis added). The HEW regulations do not contain the limitations upon complete access that are included in the state scheme. Whatever the merits of those limitations, HEW chose not to include them in the federal regulations. See Feld v. Berger, 424 F.Supp. 1356, 1363 (S.D.N.Y.1976). Iowa chose, voluntarily, to participate in the AFDC program. In doing so, it was obliged, in promulgating regulations, to conform to HEW's regulations. See Shea v. Vialpando, supra, 416 U.S. at 253, 94 S.Ct. 1746. We, thus, hold that because the Iowa regulations do not provide the AFDC recipient with complete access to his file, they contravene the federal regulations and are void under the supremacy clause.[6]
 
 
 34
 Reversed.
 
 
 
 *
 The Honorable ALBERT G. SCHATZ, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 The complaint sought both declaratory and injunctive relief
 
 
 [2]
 Jurisdiction of the due process claim is based upon 28 U.S.C. § 1343(3). In Hagans v. Lavine, 415 U.S. 528, 533 n.4, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), the Supreme Court left open the question whether a claim of a conflict between federal and state law (supremacy clause) is itself a constitutional question under § 1343(3). The Court held, however, that when the due process (constitutional) claim is "not insubstantial," a federal court has pendent jurisdiction of the supremacy clause issue. See Hagans v. Lavine, supra, 415 U.S. at 542-543, 94 S.Ct. 1372. Because Page's due process claim is not "insubstantial" as the Supreme Court has defined it, See id., the District Court had jurisdiction to decide the supremacy clause issue
 
 
 [3]
 Because resolution of the due process argument would have required the empaneling of a three-judge court, the District Court properly decided the supremacy clause issue first. See Hagans v. Lavine, supra, 415 U.S. at 543, 94 S.Ct. 1372
 
 
 [4]
 Fed.R.Civ.P. 54(b) provides in part:
 When more than one claim for relief is presented in an action * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.
 
 
 [5]
 45 C.F.R. § 205.10(a)(13)(i) (1977), which is currently in force, superseded 45 C.F.R. § 205.10(a)(10)(i), which limited the recipient's access to those documents to be used by the state at the administrative hearing. This change evidences a clear agency intent to provide a recipient not only with the documents that the state plans to use at the hearing, but with all documents and materials contained in his file
 
 
 [6]
 Because we decide that the Iowa regulations are void under the supremacy clause, we need not decide whether the regulations violate due process under the Fourteenth Amendment