627 P.2d 242

Vera MARSHALL, George V. Cosseboom, Kenneth Ghost and Shyrell Ghost, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

v.

Lynn WILLIAMS, Director of the Coconino County Department of Indigent Medical Services, Dr. William Thomas, Coconino County Health Department Director and Dr. Peter J. Lindemann, Tio A. Tachias and J. Dennis Wells, members of the Coconino County Board of Supervisors, all individually and in their official capacities, Defendants-Appellees.

No. 1 CA–CIV 5692.

Court of Appeals of Arizona,
Division 1,
Department A.

April 14, 1981.

Coconino County Legal Aid by Robert L. Miller, Michelle Ratner, Flagstaff, Community Legal Services by Carla Ryan, Phoenix, for plaintiffs-appellants.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, for defendants-appellees.

## OPINION

CONTRERAS, Presiding Judge.

■ We have determined on our own motion following this court's routine jurisdictional review,[1] that this appeal must be dismissed for lack of adjudication of one whole claim notwithstanding the inclusion of a rule 54(b)[2] determination of finality in the judgment from which appeal is taken. This case is illustrative of a recurring species of attempted appeals[3] and we therefore deem a published opinion appropriate.

By amended complaint filed June 7, 1979, appellants Marshall, Cosseboom and Ghosts brought a suit stated in eight "causes of action" against the appellee officials of Coconino County. Appellants brought suit in their own behalf and in behalf of all others similarly situated. In a "preliminary statement" in their amended complaint, appellants stated its general purpose as follows:

> This is an action for declaratory and injunctive relief and for monetary damages. The plaintiffs, on behalf of themselves and all others similarly situated seek to have declared invalid and enjoined the defendants' practice of determining eligibility for Coconino County medical assistance on the basis of the gross market value of an applicant's assets without regard to liens or other encumbrances on those assets. The class members also seek monetary damages from the defendants.

In their various causes of action appellants alleged, inter alia, that appellees' interpretation and application of the term "fair market value" in Coconino County Regulation R6–3–1213 was contrary to applicable law, arbitrary and capricious, a denial of contractual rights to which appellants were entitled as third party beneficiaries, a denial of privileges and immunities guaranteed by our state constitution and of equal protection of the laws guaranteed by the federal constitution and an invidiously discriminatory denial of due process under both constitutions. Essentially, then, appellants, in a single claim, are seeking to invalidate the regulation and its application, pursuant to a variety of legal theories.

Appellants filed a motion for partial summary judgment contending that the legislature had granted to the Department of

1. This court has an obligation to determine its own jurisdiction. *Rueda v. Galvez*, 94 Ariz. 131, 382 P.2d 239 (1963).

2. Rules of Civil Procedure, 16 A.R.S. The rule provides:
 54(b) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

3. This court recently addressed a similar issue in *Musa v. Adrian*, 1 CA–CIV 4434 (filed December 23, 1980). There it was held that a partial judgment holding that the Arizona Medical Malpractice Act was applicable to plaintiffs' cause of action was not an appealable judgment notwithstanding rule 54(b) certification.

Economic Security the authority to define who is indigent for the purpose of receiving public medical assistance and that appellee county had unlawfully adopted a more restrictive definition than the Department. Appellees brought a cross-motion for partial summary judgment, contending that it was proper for the County Board of Supervisors to set the standards for indigency under A.R.S. § 11–291 and that the delegation of authority to the Department of Economic Security to define indigency under A.R.S. § 11–297 was unconstitutional. The trial court denied appellants' motion and granted appellees' motion for partial summary judgment. Pursuant to a motion by appellants, which was opposed by appellees, the trial court included in the judgment a determination of finality pursuant to rule 54(b), Rules of Civil Procedure, 16 A.R.S. At this juncture, relief has been denied on only one legal theory and the single claim which has been alleged has not been adjudicated.

Under the circumstances, we can do no better than to refer to the case of *Page v. Preisser*, 585 F.2d 336 (8th Cir. 1978). In that case, plaintiff sought to invalidate certain regulations of the Iowa Department of Social Services based on two alternative theories. First, she alleged that the Iowa regulations were inconsistent with those of the United States Department of Health, Education and Welfare and therefore void under the supremacy clause of the federal constitution. Secondly, she alleged that the Iowa regulations denied her due process under the fourteenth amendment to the federal constitution. The district court first determined that the Iowa regulations were not inconsistent with the federal regulations and it entered a judgment to that effect which included a rule 54(b) certification.[4] The appellate court first discussed the nature and policies of federal rule 54(b), after which our rule is patterned:

Rule 54(b) was originally enacted to avoid the possible injustice that might result if judgment of a distinctly separate claim were delayed until adjudication of the entire case. *See* Advisory Committee on Rules for Civil Procedure (1946), *reprinted in* 5 F.R.D. 472 (1946). The rule did not, however, purport to amend or dilute the fundamental rule against splitting a cause of action and deciding appellate cases piecemeal. *See In re Bromley-Heath Modernization Committee*, 448 F.2d 1271 (1st Cir. 1971). *See also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956). Thus, Rule 54(b) allows an appeal only from a judgment on a separate claim. . . .

. . . .

It is clear that a claimant who presents a number of alternative legal theories, but whose recovery is limited to only one of them, has only a single claim of relief for purposes of Rule 54(b). *See Edney v. Fidelity & Guaranty Life Insurance Company*, 348 F.2d 136, 138 (8th Cir. 1965). One commentator has aptly summarized the policies underlying this view.

> The trial judge is generally not permitted to certify the dismissal of fewer than all of a party's counts when his remaining counts deal with the same transaction or occurrence as those appealed. . . . By thus forbidding certification of an order dismissing fewer than all of a party's legal theories based on the same transaction, the courts leave open the possibility that the party will still be awarded relief, an event that would render unnecessary an appellate determination on the dismissal; this possibility disappears where no alternative theory for relief remains. . . . In addition to eliminating unnecessary appeals, [this approach] avoids appellate review of the

---

4. After the time for appeal from a final judgment had expired, the district court entered judgment against the plaintiff on the due process issue. Plaintiff thereafter appealed from both judgments. The first issue before the court was whether appellant could appeal from the first judgment. If the trial court properly certified the first judgment, appellant's appeal time had expired and she was barred from raising the supremacy argument on appeal. The issue therefore turned on whether the rule 54(b) certification was proper.

same evidence on more than one appeal.

Note, *Appealability in the Federal Courts*, 75 Harv.L.Rev. 351, 360–361 (1961). 585 F.2d at 339. The court then found that although the plaintiff asserted alternative theories in support of her claim that the regulations were invalid, her complaint nonetheless arose from a single transaction and asserted only a single claim. The trial court's rule 54(b) certification was therefore improper.

 The facts of the case *sub judice* are substantially similar to those in *Page*.[5] Here, appellants, through alternative legal theories, are attempting to invalidate Coconino County Regulation R6–3–1213; nonetheless, the amended complaint asserts only a single claim. An adjudication of only one of a number of theories of a single claim cannot by the addition of rule 54(b) language be transformed into a single, whole, and appealable determination. We conclude that a single claim has not been adjudicated and that the rule 54(b) determination contained in the judgment was not effective to create a final and appealable judgment pursuant to A.R.S. § 12–2101(B). Therefore, this court is without jurisdiction to entertain the appeal.

The appeal is dismissed and the superior court is instructed to proceed to a final adjudication of appellants' claim.

OGG, J., concurs.

McFATE, specially concurring:

I concur in the majority opinion, but because I dissented in *Musa*, I hasten to point out the distinguishing features of that case which in my opinion required a different ruling than in the present case.

*Musa* dealt with the applicability of the new Medical Malpractice Act to a claim which arose before the Act became law but which was filed thereafter. The plaintiffs pleaded only a common law action and strongly urged that the Act did not apply to them. The trial court held that it did apply. It seemed to me to be stretching the point a little to hold that the plaintiffs were pursuing common law remedies and statutory remedies under the new Act as alternative theories of recovery. I viewed the rule 54(b) judgment which dismissed the common law action to be quite final as to the plaintiffs in that action, albeit they were ordered to proceed pursuant to the statute, which they did not invoke, alternatively or otherwise. .

In the present case, as has been ably pointed out in the main opinion, plaintiffs seek to determine the invalidity of the county's medical assistance program, alleging various legal theories to accomplish this purpose. The judgment ruling on only one of the alternative theories is therefore neither final nor appealable.

NOTE: The Honorable Yale McFate was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. Art. VI, § 20.

---

5. This court, through its staff, elicited the views of counsel as to how this case is similar to or distinguishable from authorities such as *Page*. Appellees responded and enclosed a copy of the legal memorandum filed with the trial court in which they opposed appellants' "Motion for Entry of Final Judgment" pursuant to rule 54(b). Appellants did not respond to the court's inquiry.