641 P.2d 902

**Maurice COHN and Lorene Cohn, husband and wife, Plaintiffs/Appellants,**

v.

**GRAHAM COUNTY, a body politic and a political subdivision of the State of Arizona, and Omer J. Smith Family Corporation, an Arizona corporation, Defendants/Appellees.**

**No. 2 CA–CIV 4117.**

Court of Appeals of Arizona, Division 2.

Jan. 12, 1982.

Rehearing Denied Feb. 19, 1982.

Review Denied March 9, 1982.

Kenneth L. Allen, Tucson, for plaintiffs/appellants.

Donald Estes, Tucson, for defendant/appellee Graham County.

Jennings, Strouss & Salmon by W. Michael Flood and Floyd P. Bienstock, Phoenix, for defendant/appellee Omer J. Smith Family Corp.

## OPINION

HOWARD, Chief Judge.

### I

Appellants' action below was for personal injuries as a result of an automobile accident. The complaint was in four counts, and the trial court awarded summary judgment against appellants on all counts but one.

The facts of the accident itself are not in dispute. On September 21, 1979, the automobile of Lorene Cohn and that of Karen Ashley collided at the intersection of Safford-Eden Road, which is paved, and an unnamed dirt road in Graham County, causing personal injuries to Mrs. Cohn. Because of tall, wild sunflowers growing near the intersection, Mrs. Ashley was unable to see Mrs. Cohn's approaching vehicle.

### II

The Omer J. Smith Family Corporation (Smith Corp.) land consists of 40 acres and is located in the northeast quadrant of the intersection of the roads. It is bounded on the west by the Safford-Eden Road and on the south by the dirt road. The southern part of the Smith Corp. land is fenced.

Appellants allege that the Smith Corp. maintained wild sunflowers which were growing north of the dirt road between an east/west waste ditch located just north of the road and the barbed wire fence forming the southern boundary of the farm. The east/west waste water ditch is not owned or controlled by the Smith Corp., although at one time it cleaned the weeds out of the ditch because water was overflowing from it onto its cotton fields. Sometimes, the wild sunflowers growing between the east/west waste water ditch and the fence spread beyond the fence and into the cotton field. When this happened, the Smith Corp. would chop down those sunflowers located inside of its fence.

### III

Count One is against Graham County and alleges that it negligently failed to warn of the existence of the intersection and negligently maintained both roads.

Count Two is against both appellees and alleges that they maintained an obstruction on a public roadway in violation of A.R.S. § 28–1870.

Count Three is against the county only and alleges that it had erected stop signs at the intersection but had negligently failed to maintain them.

Count Four is against the Smith Corp. only and alleges a violation of A.R.S. § 28–1870 and a violation of its duty as an adjoining landowner.

The only count that remains after the motions for summary judgment is Count One against the county.

### IV

Appellants' claim against the county is a single claim for relief based upon different theories of recovery. When the trial court here entered its written judgment, it expressly determined that there was no just reason for delay pursuant to Rule 54(b),

Arizona Rules of Civil Procedure, 16 A.R.S. In *Marshall v. Williams*, 128 Ariz. 511, 627 P.2d 242 (App.1981), the court held that Rule 54(b) certification is only applicable when there are true multiple claims, and not merely a variance of a single claim for relief. It further held that partial adjudication of a single claim is not appealable, regardless of whether there is a Rule 54(b) certificate. The appeal against the county will, therefore, be dismissed.

### V

 We next consider the claims against the Smith Corp. Both counts rest upon the corporation's violation of A.R.S. § 28–1870(A) which makes it a misdemeanor if a person:

"1. *Places* or *maintains* an encroachment or obstruction upon, ... a public highway ... for any purpose other than authorized public travel, or for communication, transportation or transmission purposes except as otherwise provided in this section. The term 'encroachment' includes any structure or object of any kind or character which is placed in, under or over any portion of the public highway ....'" (Emphasis added)

A.R.S. § 28–1801(5) states: " 'Highway' means the entire width between the boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular travel."

There is a dispute as to the exact boundaries of both the roadways, but since this was a motion for summary judgment granted against appellants, we shall assume that these wild sunflowers at issue were in fact growing upon the highway right-of-way. On this assumption, it is clear that the trial court did not err in granting summary judgment. The very terms of A.R.S. § 28–1870(A)(1) preclude imposing liability upon the Smith Corp. The record is totally devoid of any evidence that the corporation *planted* the wild sunflowers on the right-of-way or *maintained* them by, for example, cultivating them or irrigating them. To the extent that the word "maintain" means "to hold, keep or continue", if the flowers were on the right-of-way, Smith Corp. did not "maintain" them. The farmer is not responsible for clearing the right-of-way if he hasn't placed the weeds there.

The appeal against Graham County is dismissed and the judgment in favor of Omer J. Smith Family Corporation is affirmed.

HATHAWAY and BIRDSALL, JJ., concur.