NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ARA STEPHAN KAMBOURIAN, *Petitioner/Appellant*,

*v.*

CYNTHIA LEE KAMBOURIAN, *Respondent/Appellee*.

No. 1 CA-CV 15-0218 FC
FILED 5-19-2016

Appeal from the Superior Court in Mohave County
No. L8015DO201207100
The Honorable Richard D. Lambert, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Steven Clark, PC, Phoenix
By Steven G. Clark
*Counsel for Petitioner/Appellant*

Knochel Law Offices, Bullhead City
By Keith S. Knochel, Aline K. Knochel, Joshua C. Smith
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

J O H N S E N, Judge:

¶1          Ara Stephan Kambourian ("Husband") appeals from a decree of dissolution dividing some of the parties' community assets and debts and awarding spousal maintenance and attorney's fees to Cynthia Lee Kambourian ("Wife").   This court lacks appellate jurisdiction over the decree because it is not final.  In our discretion, we will treat the appeal as a petition for special action.  Having accepted special action jurisdiction, we grant relief by vacating and remanding the portions of the decree pertaining to spousal maintenance and the valuation and apportionment of community

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Husband and Wife were married in 1975.  By the time of their dissolution trial, they had accumulated numerous personal and community debts and assets, including two businesses, two commercial properties, a home, several vehicles, two timeshares, retirement accounts and various insurance policies.   The dissolution trial was held over several days between December 2013 and September 2014.  In the interim, the superior court awarded Wife temporary spousal maintenance of $3,300 per month beginning January 1, 2014.

¶3          After trial, the court issued a decree awarding Wife spousal maintenance of $2,000 a month for five years and $1,000 a month for the following five years, terminating at the end of the ten-year period.  The court ordered an equal division of the sales proceeds from the community residence, some vehicles and both timeshares without attributing a value to these assets.  The only community assets the court placed a specific value on were a motorcycle and a boat, both of which it awarded to Husband, and one vehicle, which it awarded to Wife.  Husband was ordered to pay the community credit card debt, with an offset of $11,225 for Wife's share of that debt.  After determining all offsets, the court ordered Wife to pay Husband an equalization payment of $19,925.

**¶4** The superior court awarded each party two of the insurance policies without determining the value of any policy. The court also awarded Wife her retirement account without determining its value and with no offset to Husband. In distributing this asset to Wife, the court noted that it "declined to order spousal support indefinitely but instead capped maintenance at ten years. The Court therefore will not grant Petitioner/Husband an offset in light of the disparity in income between the parties and potential future earnings." Finally, the court appointed a family law master to address the equitable division of the community businesses, the commercial properties and all assets and debts related to the businesses. *See* Arizona Rule of Family Law Procedure ("Rule") 72(A) (2016) ("[T]he court may appoint a family law master who is an attorney or other professional with education, experience, and special expertise regarding the particular issues to be referred to the master.").[1] It also awarded Wife 75 percent of her attorney's fees and costs, due to what the court found to be a "substantial disparity of financial resources[.]"[2]

**¶5** The court certified the decree as a final judgment pursuant to Rule 78(B) (2016), and Husband filed a timely notice of appeal.[3]

---

[1] Absent material revision after the relevant date, we cite the current version of the rule and statutes.

[2] In a subsequent order, the court awarded Wife a total of $50,215.73 in fees.

[3] Rule 78(B) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating

## DISCUSSION

### A.     The Certification Pursuant to Rule 78(B).

**¶6**      For the reasons discussed below, even though the superior court entered judgment citing Rule 78(B), the judgment was not final because it did not finally resolve any "claim" at issue in the dissolution. Under the circumstances presented, the court could not properly apportion the community assets and debts without first ascertaining the value of all of the assets and debts. When the court entered the decree, the valuation and apportionment matters the court had delegated in the first instance to the family law master were still to be resolved. Moreover, a final decision on spousal maintenance hinged, in part, on the valuation and apportionment of assets. Accordingly, the decree did not and could not finally resolve the overall apportionment of community property, nor could the court make a final determination concerning spousal maintenance.

**¶7**      Under circumstances such as these, entry of judgment pursuant to Rule 78(B) was improper, and this court accordingly lacks jurisdiction. *See Marshall v. Williams*, 128 Ariz. 511, 514 (App. 1981) (certification pursuant to Arizona Rule of Civil Procedure 54(b) not appropriate for ruling that decided only one of multiple legal theories for pursuing what was a single claim). Nevertheless, in our discretion, to advance judicial economy, we exercise our discretion to treat the appeal as a petition for special action. *See Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001).

### B.     Merits.

**¶8**      The superior court is required by statute to equitably divide the parties' community property. *See* Arizona Revised Statutes ("A.R.S.") section 25-318(A) (2016). We review the division of community property for an abuse of discretion. *Boncoskey v. Boncoskey,* 216 Ariz. 448, 451, ¶ 13 (App. 2007). An award of spousal maintenance also is within the court's discretion and will not be disturbed absent an abuse of discretion. *Kelsey v. Kelsey,* 186 Ariz. 49, 53 (App. 1996). An abuse of discretion occurs when there is no evidence to support the court's decision, *Little v. Little,* 193 Ariz. 518, 520, ¶ 5 (1999) (citation omitted), or when the court makes an error of

---

all the claims and the rights and liabilities of all the parties. For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause.

law in reaching a discretionary decision, *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).

**¶9**　　　　Wife argues we must presume the record supports the decree because Husband failed to provide a transcript of the trial. *See Baker v. Baker,* 183 Ariz. 70, 73 (App. 1995) (in the absence of a transcript, reviewing court assumes the record supports the superior court's decision) (citing ARCAP 11(b)). Even if we were to presume the record supports the allocation of the assets addressed in the decree, however, we could not review whether the overall property allocation was fair and equitable because the decree did not value or allocate a substantial amount of the community assets and debts.

**¶10**　　　　The court appointed a family law master to address the division of the parties' two community businesses, two commercial buildings, the businesses' credit cards and bank accounts, and "any other" business assets and debts. Rule 72(E) requires a family law master to file a report of findings of fact and conclusions of law concerning the issues referred to him or her. If a party objects to any of the findings and conclusions, the superior court must hold a hearing and resolve the matter. *See* Ariz. R. Fam. Law P. 72(F), (G). The order the court issued here, however, said nothing about a report, and in certifying its decree as final pursuant to Rule 78(B), the court said it would not require the master to report his findings to the court.

**¶11**　　　　Husband contends the court erred by appointing the family law master because the parties presented evidence at trial concerning their businesses. The superior court may appoint a family law master with special expertise to deal with any issues that could be presented to the superior court. *See* Ariz. R. Fam. Law P. 72(A), (B). Although the parties presented exhibits regarding the community businesses and commercial properties, the court noted that it did not receive evidence that would permit it to "make an intelligent equitable division of these assets[.]" Without a transcript of the trial, we presume this statement is correct. *See Baker,* 183 Ariz. at 73. Therefore, the court acted within its discretion in appointing a family law master to address the valuation and allocation of these assets and debts.

**¶12**　　　　Although the court did not err by referring certain issues to the family law master, the court should not have issued the decree before the issues referred to the master were finally resolved. Because the court had referred the valuation and allocation of the community businesses and commercial properties to the family law master, the decree failed to allocate

a large portion of the community property. In the absence of a final allocation of all the community property, we cannot determine whether the decree properly allocated the community property as a whole.

¶13 Further complicating our review of the property allocation is the court's conclusion that "an equal division of community property is inappropriate to achieve equity." In most cases, an equal distribution of property will be equitable. *See Toth v. Toth*, 190 Ariz. 218, 221 (1997). The court's conclusion in this case suggests a final property allocation that might favor one party but did not specify which party should receive more property or why such result would be equitable. Although there may be sound reasons to divide the property unequally, *see Toth*, 190 Ariz. at 221, we cannot presume the record supports this result, given that significant community assets and liabilities remain unvalued and undistributed.

¶14 The absence of a complete property valuation and allocation also affects the award of spousal maintenance and attorney's fees. In determining whether a party is entitled to spousal maintenance, the court first must consider, among other factors, whether that spouse "[l]acks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs." A.R.S. § 25-319(A)(1) (2016). Additionally, when deciding the amount and duration of spousal maintenance, the court is required to consider several factors, including "[t]he comparative financial resources of the spouses" and "[t]he financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet that spouse's own needs independently." A.R.S. § 25-319(B)(5), (9). The court also must consider the ability of the spouse from whom support is sought to meet his or her own needs while paying support. A.R.S. § 25-319(B)(4).

¶15 Without a valuation or allocation of the community businesses or commercial properties, the court in this case could not determine the financial resources available to either party. It was not possible, therefore, to determine (1) whether Wife will be (or has been) awarded sufficient property to meet her reasonable needs, (2) Husband's ability to meet his own needs while paying support to Wife and (3) the spouses' comparative financial resources. *See* A.R.S. § 25-319(A)(1), (B)(4), (5), (9). The final allocation of assets may provide Wife with sufficient property to meet her needs, and Husband's ability to pay support may be affected by the distribution of the assets. Additionally, the manner in which the assets are allocated may affect the duration of any spousal maintenance award. Regardless, without a valuation and allocation of the assets, we cannot meaningfully review the spousal maintenance award.

¶16          Wife argues Husband can ask the court to modify spousal maintenance once the family law master allocates the remaining assets.  A party seeking modification of spousal maintenance, however, must show a substantial and continuing change in circumstances.  A.R.S. § 25-327(A) (2016).  To determine whether circumstances have changed, a court must compare the then-current economic circumstance to those existing at the time of the original award.  *See Richards v. Richards*, 137 Ariz. 225, 226 (App. 1983).  Because the decree in this case did not value or allocate significant assets, it did not make any "original" determination of the parties' financial circumstances and, thus, would provide the court with no basis in the future for determining whether those circumstances have changed.

¶17          Similarly, the court's award of attorney's fees pursuant to A.R.S. § 25-324 (2016) was based on a substantial disparity in the parties' financial resources.  We presume the record supports a finding that Husband has a significantly higher income than Wife.  *See Baker*, 183 Ariz. at 73.  However, there has been no final determination of the parties' financial resources.  The final property allocation may warrant a different decision regarding the award of attorney's fees.

¶18          For these reasons, we vacate the portions of the decree pertaining to spousal maintenance, community property and attorney's fees and remand those issues to allow the superior court to consider them in light of the issues delegated in the first instance to the family law master. Once the master issues a report and any objections are resolved, the court finally may resolve the apportionment of community property and a final award of spousal maintenance and attorney's fees.  On remand, the court may enter an award of temporary support and consider an interim award of attorney's fees, should it deem it appropriate, pending the final decree.

## C.        Attorney's Fees on Appeal.

¶19          Both parties request an award of attorney's fees on appeal. Wife cites A.R.S. § 12-342(A) (2016) in support of her request, but that statute provides for costs, not fees.  *See Champlin v. Bank of Am., N.A.*, 231 Ariz. 265, 269, ¶ 18 (App. 2013) (holding costs do not include attorney's fees).  Husband did not cite any legal authority to support his request.  We decline to award fees to either party.  *See* ARCAP 21(a)(2) (parties must cite the legal authority supporting for an award of attorney's fees).  Husband is awarded his costs of appeal.

**CONCLUSION**

**¶20** We vacate those portions of the decree pertaining to the apportionment of community property, spousal maintenance and attorney's fees, and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama