Santiago **DE LAO** and **Frank Brito**, on their behalf and on behalf of all other persons similarly situated, Plaintiffs,

v.

Caspar **WEINBERGER**, Secretary Department of Health, Education, and Welfare, et al., Defendants.

**No. CIV 74–468 PHX–CAM.**

United States District Court,
D. Arizona.

Sept. 23, 1975.

David W. Ronald, El Mirage, Ariz., Victor Aronow, Tempe, Ariz., Maricopa County Legal Aid Society, for plaintiffs.

George B. Nielsen, Jr., Asst. U. S. Atty., Phoenix, Ariz., for defendants.

## OPINION AND ORDER

MUECKE, District Judge.

It is hereby ordered that this Court, having received and considered plaintiffs' motion for summary judgment dated June 16, 1975, and having received and considered all subsequent memoranda relating thereto, finds that plaintiffs' motion should be and is hereby granted.

This Court has jurisdiction, pursuant to 28 U.S.C. § 1361, to consider plaintiffs' claims.

■ This case is not moot since the recent Supreme Court case of *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L. Ed.2d 532 (1975), while holding that "(a) litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the District Court," 419 U.S. at 403, 95 S.Ct. at 559, the Court also held in footnote eleven of that decision:

"There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the District Court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review."

Defendant in this case seemingly mooted the case by fully satisfying all of the claims of the named plaintiffs. However, this Court finds that certification, under the circumstances of this case, should "relate back" to the filing of the complaint since this is the kind of case in which the issue is capable of evading review by the defendant simply paying off the named plaintiffs. There

is also no doubt that the remainder of the class are all in the same position as the named plaintiffs.

■ Plaintiffs claim that they were recipients of Supplemental Security Income (SSI) payments since January of 1974, pursuant to 42 U.S.C. § 1383(a)(4)(B), which provision allowed the defendant to find plaintiffs presumptively eligible and to continue their payments for three months. Plaintiffs point out that payment was made to them pursuant to 42 U.S.C. § 1383(a)(4)(B), and were continued past the three month period pursuant to Public Law 93–256, passed on March 28, 1974. Defendant, at various times, sent letters to individual plaintiffs advising them that their SSI benefits were being terminated and that they had a right to a reconsideration of their claims.

The reconsideration of plaintiffs' claims did not provide for plaintiffs' personal appearance at any hearing, nor did it allow for the cross examination of witnesses. A standard form letter (Form SSA 8455A) was sent plaintiffs by defendant if reconsideration was denied. This letter also advised plaintiffs of right to appeal from the adverse ruling. There was a provision for a subsequent full administrative hearing (20 C.F.R. 416.1425 *et seq.*, 39 Fed.Reg. 5778), however, the gist of plaintiffs' argument is that payments under SSI should not be terminated prior to some kind of due process hearing. Plaintiffs rely heavily upon *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), where the United States Supreme Court held that procedural due process requires that a pre-termination evidentiary hearing be held when public assistance payments to welfare recipients are discontinued.

This Court finds that pre-termination due process hearings are required where SSI payments are to be discontinued. Defendant's argument which would distinguish between plaintiffs' receipt of SSI payments as a matter of privilege as opposed to receipt of SSI payments as

a matter of right is not persuasive. *Goldberg v. Kelly, supra,* at 262, 90 S.Ct. at 1017, put this argument to rest by holding:

> "The constitutional challenge cannot be answered by an argument that public assistance benefits are 'a "privilege" and not a "right." ' "

The Court went on to hold that:

> "The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be 'condemned to suffer grevious loss,' . . . and depends upon whether the recipient's interest in avoiding that loss outweighs the governmental interest in summary adjudication."

The Court in its holding that a pre-termination hearing was required when welfare payments were discontinued reasoned:

> "For qualified recipients, welfare provides the means to obtain essential food, clothing, housing, and medical care. Cf. *Nash v. Florida Industrial Commission,* 389 U.S. 235, 239, 88 S. Ct. 362, 366, 19 L.Ed.2d 438 (1967). Thus the crucial factor in this context —a factor not present in the case of the blacklisted government contractor, the discharged government employee, the taxpayer denied a tax exemption, or virtually anyone else whose governmental entitlements are ended—is that termination of aid pending resolution of a controversy over eligibility may deprive an *eligible* recipient of the very means by which to live while he waits. Since he lacks independent resources, his situation becomes immediately desperate. His need to concentrate upon finding the means for daily subsistence, in turn, adversely affects his ability to seek redress from the welfare bureaucracy." At p. 264, 90 S.Ct. at p. 1018.

The Court holds that the same considerations exist in this case as in *Goldberg v. Kelly,* and that, therefore, pre-termination due process hearings are required here. The standard laid down in *Goldberg* is applicable here, i. e.,

> "that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally."

This Court would expect the defendant to comply with the above guidelines and, therefore, declines to set forth detailed procedures for the defendant to follow in compliance with this order. At such time as a controversy should arise concerning defendant's implementation of this order, the matter can be resolved in court on that specific issue.

■ This Court also holds that plaintiffs are entitled to retroactive payments to recover those payments which were illegally terminated. Defendant's reliance on *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), as a bar to retroactive payments is misplaced. In *Edelman v. Jordan,* the court held that the state had not consented to suit because:

> "Constructive consent is not a doctrine commonly associated with the surrender of *constitutional rights,* and we see no place for it here. In deciding whether a State has waived its *constitutional protection under the Eleventh Amendment,* we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction'." (citations omitted) (emphasis supplied)

Thus, the Court held that in waiving a constitutional right, in most instances, there has to be an express waiver. Though the federal government also enjoys sovereign immunity the source of this immunity does not stem from an express constitutional provision. Therefore, this Court finds that, unlike the state in *Edelman,* the defendant waived its right against suit in light of the ap-

plicable statutory provisions herein involved, and that consequently, the plaintiffs are not barred from receiving retroactive payments.

Defendant argues that it is improper to order retroactive payments to those individuals who, after a full hearing, are found not to be disabled as defined by the SSI program because those ultimately found not disabled will get enough of a "windfall" by their receipt of monthly checks until the hearing, and that an additional "windfall" of retroactive benefits now to ineligible beneficiaries would not be fair.

Retroactive payments should be paid even those individuals subsequently found to be ineligible beneficiaries since their entitlement to receive such payments is not legally terminated until there has been a due process hearing wherein this determination is made. Further, it must be assumed, since there is no evidence to the contrary, that a hearing which results in the termination of entitlement to SSI payments relates to the ineligibility of an individual to receive SSI payments at the time of the hearing. Defendant has presented no evidence to warrant finding by this Court that a full administrative hearing would relate to the recipients' eligibility to receive payments at all points in time prior to the hearing. Therefore, retroactive payments are to be made in all cases where SSI payments were illegally terminated.

Thus, the class as certified by this Court shall receive benefits in accordance with this order, that class being all persons who applied for and received categorical public assistance under the Aid to Permanently and Totally Disabled persons program in the State of Arizona between July 1, 1973, and December 31, 1973, and who were subsequently enrolled in the Supplemental Security Income program under Title XVI of the Social Security Act, and who have been terminated from said program, and who have not had a final disposition of the issue of their eligibility following a full administrative proceeding.

Since this action was certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, this Court finds that actual notice is not necessary under the circumstances of this case, and that the letter sent to all class members of February 10, 1975, by the Department of Health, Education and Welfare (SSA Form 8165A), provided sufficient notice to all class members.

It is, therefore, ordered that any reduction, termination, or suspension of Supplemental Security Income benefits heretofore made without prior notice and adequate opportunity for a prior administrative hearing is declared to be null and void;

It is further ordered that all members of the class shall have their benefits restored and reinstated in full, retroactively to the month of initial reduction, termination, or suspension;

It is further ordered that plaintiffs' motion for summary judgment is hereby granted, and that defendant's motion for summary judgment is hereby denied.