Ramona **AREIZAGA** et al.,
**Plaintiffs-Appellees,**

v.

Arthur F. **QUERN,** etc.,
**Defendants-Appellants.**

**No. 78–1189.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 28, 1978.
Decided Dec. 12, 1978.

Ellen P. Brewin, Sp. Asst. Atty. Gen., Chicago, Ill., for defendants-appellants.

Alan J. Barak, Robert E. Lehrer, Legal Assistance Foundation, Chicago, Ill., for plaintiffs-appellees.

Before FAIRCHILD, Chief Judge, and WISDOM * and WOOD, Circuit Judges.

PER CURIAM.

The question this case presents is whether an applicant for public aid can gain access to his entire case file during administrative review of a decision to deny or reduce assistance payments. The admitted practice of the defendant-appellant, the Illinois Department of Public Aid (IDPA), is to permit Illinois claimants for and recipients of public aid to examine only the portions of their case files that the IDPA relies upon as evidence against them at the appellate

hearing. In two comprehensive memorandum opinions the district court judge examined the language and history of a federal regulation, promulgated by the Department of Health, Education, and Welfare, that grants an applicant or recipient of aid the opportunity to inspect the "contents of his case file and all documents and records to be used by the agency at the hearing." 45 C.F.R. 205.10(a)(13)(i). We agree with the district court's conclusion that this regulation compels the IDPA to disclose the entire contents of a welfare recipient's files. *See Page v. Preisser,* 585 F.2d 336 (8th Cir. 1978); *Feld v. Berger,* 424 F.Supp. 1356 (S.D.N.Y. 1974).

The IDPA asked that we limit the scope of the district court's order by permitting disclosure of sensitive medical records only to a doctor, lawyer, or other suitable representative of the welfare claimant. We agree, however, with the district court's observation, in its second opinion, that the federal regulation does not leave open the question whether certain material in the case file should be disclosed directly to the welfare applicant. The appellant's request should be directed, instead, to the agency which issued the controlling regulation. We note, moreover, that the "suitable individual" to whom IDPA proposes to disclose medical records may be unavailable to the welfare claimant, who is usually not represented by an attorney at these hearings.

This court has carefully studied the opinions of the district judge in this case, Judge Bernard M. Decker. *Areizaga v. Quern,* 442 F.Supp. 168 (N.D. Ill. 1977). There is little we can add to the two opinions and, therefore, we adopt them as the opinion of this court. The judgment is AFFIRMED.

* The Honorable John Minor Wisdom, Senior Circuit Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.