■ In the Matter of HELEN VETTER, Appellant, v JOHN A. POLAND, as Administrator of the Medical Assistance Division of the Suffolk County Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to provide petitioner's representatives with an opportunity to inspect petitioner's medical assistance case file, with redaction of certain information, petitioner appeals

from an order and judgment (one paper) of the Supreme Court, Suffolk County, entered October 23, 1978, which, *inter alia,* granted respondents' motion to dismiss the petition. Order and judgment reversed, on the law, without costs or disbursements, petition granted to the extent of determining that the provisions of 18 NYCRR 358.12 (b) and 18 NYCRR 357.3 (c) are invalid and contrary to law insofar as they limit petitioner's access to her Medicaid case file and the proceeding is otherwise dismissed. The respondents are directed to allow petitioner or her representative to inspect her entire case file, "with redaction [only] of the names of any informants who are not to be witnesses". Petitioner received notice that her eligibility for Medicaid was being terminated. She sought access, through her representative, to the contents of her case file in order to prepare for a fair hearing. The local agency selected certain documents from the folder and offered them to petitioner's representative. Notwithstanding repeated requests, the entire folder was never made available. Petitioner's representative was advised by the agency that the contents of the folder insofar as it pertained to the fair hearing had been made available. Petitioner commenced the instant CPLR article 78 proceeding to obtain disclosure of her entire case file. The petition was dismissed at Special Term on respondents' motion. In its memorandum, the court stated that the respondents' practices comported with the requisite Federal and State regulations. We disagree. Petitioner was a recipient of Medicaid, a Federally funded program in which New York has chosen to participate. The State is bound by Federal regulations in administering the program. If there is any conflict, the Federal regulations prevail *(King v Smith,* 392 US 309). The Federal regulations provide in relevant part: "The claimant, or his representative, shall have adequate opportunity: (i) To examine the contents of his case file and all documents and records to be used by the agency at the hearing at a reasonable time before the date of the hearing as well as during the hearing" (45 CFR 205.10[a] [13] [i]). The sentence uses the conjunctive "and" between the two phrases. Thus, the words "contents of his case file" do not modify the second phrase concerning documents and records. Rather, the regulation confers an independent right on the claimant to examine his entire case file prior to a fair hearing. This interpretation, rather than respondents', comports with the history of the regulation and the decisions. The present regulation replaces an earlier version which limited discovery to those documents and records to be used by the agency at the fair hearing. This change in the language of the regulation reflects a broadening of the discovery right. In addition, the cases decided on this question uniformly state that the regulation requires discovery of the entire file without exemptions (see *Yaretsky v Blum,* 592 F2d 65, 68; *Areizaga v Quern,* 590 F2d 226; *Page v Preisser,* 585 F2d 336; *Matter of Dunbar v Toia,* 45 NY2d 764). A brief comment on the procedural posture of this matter is appropriate. Respondents succeeded in their motion to dismiss prior to service of their answer. There are no disputed questions of fact. The sole issue is one of statutory interpretation. No purpose would be served by remitting the matter to Special Term for service of an answer (see *O'Hara v Del Bello,* 47 NY2d 363). Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.