Barbara BIZJAK, on behalf of herself and her three minor dependent children, and all others similarly situated, Plaintiffs,

v.

Barbara BLUM, Individually and in her official capacity as Commissioner, New York State Department of Social Services, and Michael Nassar, Individually and in his official capacity as Commissioner, Oneida County Department of Social Services, Defendants.

No. 80–CV–381.

United States District Court, N. D. New York.

June 2, 1980.

Legal Aid Society of Oneida County, Inc., Utica, N.Y., for plaintiffs; Michael Bagge, Utica, N.Y., of counsel.

Robert Abrams, Atty. Gen., Utica, N.Y., for defendant Blum; Aniela J. Gadziala, Utica, N.Y., of counsel.

V. Michael Liccione, Utica, N.Y., for defendant Nassar.

## MEMORANDUM—DECISION AND ORDER

McCURN, District Judge.

Plaintiff Barbara Bizjak has commenced this action for declaratory and injunctive relief under 42 U.S.C. § 1983, on behalf of herself, her three minor children and all others similarly situated. The action involves a challenge to certain regulations promulgated by defendant Blum and certain policies and practices of defendant Nassar with respect to access to case records by public assistance and medicaid recipients which are alleged to be in violation of the Social Security Act and the Fourteenth Amendment to the United States Constitution.

The action is presently before the Court on plaintiff's motion for class certification and for a preliminary injunction directing the defendants to (a) inform all Aid to Families with Dependent Children (AFDC) and Medical Assistance (MA) "fair hearing" appellants of their right to complete access to the entire contents of their case records at a reasonable time prior to and during their "fair hearing"; and (b) directing defendants to afford all AFDC and MA "fair hearing" appellants the opportunity to examine the entire contents of their case files at a reasonable time in advance of and during their "fair hearings".

Plaintiff is a thirty-eight year old mother of three minor dependent children. She and her children have been recipients of public assistance in the form of a monthly AFDC grant, food stamps and MA coverage since January 3, 1980. On or about March 25, 1980, plaintiff was informed by the Oneida County Department of Social Services, of which defendant Nassar is the Commissioner, that her grant of assistance would be terminated effective April 30, 1980. Plaintiff requested a "fair hearing" prior to the effective date of discontinuance and a hearing was scheduled for April 21, 1980.

According to plaintiff's complaint, she was at no time informed of her right of access to her case file to enable her to prepare for the hearing. On the scheduled date of her hearing plaintiff was granted a general adjournment for reasons which were apparently unrelated to this action. On May 7, 1980, plaintiff, through her attorney, requested defendant Nassar to provide her with unrestricted access to her case file. She was denied any access whatsoever.[1]

---

1. Plaintiff has not as yet had a "fair hearing" on the discontinuance. On May 13, 1980, upon notice to the defendants, this Court issued an order temporarily restraining defendant Blum for a ten-day period from conducting a statutory "fair hearing" in plaintiff's case and from terminating or reducing her AFDC or MA public assistance benefits pending a determination on this motion for a preliminary injunction. The order was extended by the Court for an additional ten-day period on May 22, 1980.

Plaintiff's counsel has stated by affidavit that he was informed on May 5, 1980, by Mr. Russell Hanks, Director of Fair Hearings Adminis-

In pursuing a policy of what appears to be one of severely restricted access to case records or a complete denial thereof, defendant Nassar is apparently relying upon regulations promulgated by defendant Blum and located at 18 N.Y.C.R.R. §§ 357.-3(c)(1), 358.12(b)[2], as well as what plaintiff alleges to be a long-standing local agency policy and practice. The aforementioned regulations continue to be in effect despite the fact that the New York Court of Appeals in *Dunbar v. Toia*, 45 N.Y.2d 764, 408 N.Y.S.2d 495, 380 N.E.2d 321 (1978), found the restrictions to case-record access contained in those regulations to be contrary to the much broader federal access requirement.

Plaintiff, in commencing this action, contends that the regulations at 18 N.Y.C.R.R. §§ 357.3(c)(1), 358.12(b) and 358.16(d) as well as the policies and practices of the defendants restricting access to case records in connection with "fair hearings" are illegal and in contravention of the Social Security Act and the regulations promulgated thereunder, the Supremacy Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution and asks the Court to make a declaration to that effect. Plaintiff also seeks a declaration that the regulations are null and void insofar as they purport to limit the rights contained at 45 C.F.R. § 205.-10(a)(13)(i) and that the defendants' policy of not informing "fair hearing" appellants of their right to case-record access violates 45 C.F.R. § 205.10(a)(4)(B) and the Fourteenth Amendment.

The Court has jurisdiction in this 42 U.S.C. § 1983 action under 28 U.S.C. § 1343(3) and (4). The due process claim raised by the plaintiff is neither frivolous nor insubstantial [*Hagans v. Lavine*, 415 U.S. 528, 537–38, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)], and indeed, courts have on numerous occasions found that cases involving substantially the same issue as this case presented an adequate basis for jurisdiction. See *Page v. Preisser*, 585 F.2d 336 (8th Cir. 1978); *Areizaga v. Quern*, 442 F.Supp. 168 (N.D.Ill.1977), aff'd. 590 F.2d 226 (7th Cir. 1978); *Feld v. Berger*, 424 F.Supp. 1356 (S.D.N.Y.1976).

### Class Certification

Plaintiff seeks to represent a class composed of all persons within New York State who presently have or will have in the future a "fair hearing" request pending on issues relating to the operation of either the AFDC or MA programs.

In order for a class to be certified under Rule 23 of the Fed.R.Civ.P., the moving party must demonstrate that a class which is capable of legal definition does in fact exist [*Dolgow v. Anderson*, 43 F.R.D. 472, 491 (E.D.N.Y.1968), rev'd. on other grounds 438 F.2d 825 (2d Cir. 1971)], and that the proposed class representative is a member of that class. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). In addition, the movant must show that the four criteria of Rule 23(a) have been met and that the action falls within one of the three class action categories set forth in section (b) of the Rule.

---

tration for defendant Blum, that the issue of case-record access is not considered a proper issue for a "fair hearing". Thus, plaintiff asserts that she has no administrative remedy available in this matter. Defendants have not disputed counsel's allegations regarding his communication with Mr. Hanks.

**2.** Section 357.3(c)(1) provides that:

(c) *Disclosure to applicant, recipient, or person acting in his behalf.* (1) The case record shall not ordinarily be made available for examination by the applicant or recipient, since it contains information secured from outside sources. However, particular extracts shall be furnished him, or furnished to a person whom he designates, when the provision of such information would be benefi-

cial to him. The case record, or any part of it, admitted in evidence in the hearing of an appeal shall be open to him and his representative.

Section 358.12(b) provides that:

(b) The applicant, recipient, client, or their representative, who shall have appropriate written authorization, shall be afforded an opportunity to examine the case record at a reasonable time before the hearing in accordance with and to the extent permitted by sections 231.3(b)(5) and 357.3(c) of this Title.

Section 358.16(d) states that:

(d) The recipient or his representative shall have the right to examine the case record in accordance with and to the extent permitted by section 357.3(c) of this Title.

■ The Court is satisfied that all of the prerequisites for class certification have been satisfied in this case and that certification is appropriate. The proposed class is easily definable through the records of the State and local social services departments and the plaintiff, as a recipient of public assistance in the form of AFDC and MA presently seeking "fair hearing" review of a determination made with regard to her continued receipt of those benefits, is clearly a member of that class.[3]

The numerosity requirement of Rule 23(a)(1) has been satisfied. An affidavit submitted by counsel for plaintiff states that he has been informed by the Director of the Fair Hearings Unit for the New York State Department of Social Services that in 1978 the Department received 95,000 requests for "fair hearings" and in 1979 received 151,000 requests. Of these requests, the Director estimated that 50% come from AFDC recipients and 15% from MA recipients.[4]

Likewise, the requirements of Rule 23(a)(2) and (3) have been met. Each member of the class would have the identical claims of improper failure by defendants to advise a recipient of the right to pre-hearing case-record access and the impermissible refusal to grant such access. The common legal issues are whether defendants' policies and practice in that regard are illegal as in violation of the Social Security Act and unconstitutional through the violation of the Supremacy Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

There has been no suggestion of any conflicting interests between the plaintiff as proposed class representative and the potential class members and no claim that plaintiff's counsel is not capable of providing adequate legal counsel in this matter.[5] Furthermore, this is clearly the type of case in which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole". Rule 23(b)(2).

Defendant Blum argues that certification of a class is not necessary in this case for two reasons. The first is that she is aware

---

**3.** Defendant Blum has suggested that plaintiff is not an appropriate class representative since the state has not had an opportunity to deny plaintiff's request to review her file, and in fact would allow her access. Blum also points out that defendant Nassar has now that this action has been commenced agreed to allow plaintiff to examine her file.

In asserting this argument Blum appears to be overlooking the fact that plaintiff is challenging State regulations concerning case-record access which the defendant Blum has allowed to remain in force up until the present time and has not made a serious commitment to change in the immediate future. It is, in fact, entirely conceivable that even if plaintiff is granted "special permission" for case-record access as a result of commencing this litigation, she might face a denial again in the future as might any other public assistance recipient so long as the defendant can avoid ultimate judicial resolution of the issue by granting the relief sought on a case by case basis in order to then seek denial of class certification on standing and mootness grounds.

Avoidance of class certification has not been allowed in the past in public assistance situations in which it is obvious that the issue raised is one which it is capable of repetition yet equally capable of evading review through the "paying off" of a named plaintiff. See Lugo v.

Dumpson, 390 F.Supp. 379 (S.D.N.Y.1975); Frost v. Weinberger, 375 F.Supp. 1312 (E.D.N.Y.1974), rev'd. on other grounds 515 F.2d 57 (2d Cir. 1975), cert. denied 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976); DeLao v. Weinberger, 400 F.Supp. 1043 (D.Ariz.1975).

**4.** Defendants have not disputed these figures, and the Court finds no reason to doubt counsel's affidavit, especially in light of the statement made at oral argument by counsel for defendant Nassar, that there are approximately 600 requests for "fair hearings" per year in Oneida County alone.

**5.** Defendant Blum's argument that there is no "live" controversy between plaintiff and the defendants in light of their willingness to allow her access to her case-record must be considered in determining whether or not plaintiff will at this point have sufficient interest in vigorously representing the proposed class in this action.

Inasmuch as plaintiff, as a recipient of public assistance could in the future again be faced with the same access restrictions, and since plaintiff's counsel, as a legal service's agency routinely handles public assistance related cases, the Court is convinced that plaintiff and her counsel can and will adequately represent the class in this case.

of the holding of the New York State Court of Appeals decision in *Dunbar v. Toia, supra,* and is now in the process of formulating regulations which will conform to the decision. In response to that argument, the Court need only note that *Dunbar* was decided in July of 1978. In December of 1979, defendant Blum sent an informational letter to the local social services agencies concerning a proposal for changes in the department policy with regard to case-record access. The letter did not indicate that any timetable had been instituted for implementation of a new policy and counsel for Blum has offered no information in that regard. Thus, almost two years after the decision in *Dunbar* nothing concrete has been done by the State to insure compliance.[6]

Second, Blum contends that class certification is unnecessary since an adjudication of individual injunctive relief coupled with the principle of *stare decisis* will produce the desired result. The Second Circuit has held that:

> Where retroactive monetary relief is not at issue and the prospective benefits of declaratory and injunctive relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment, a district court *may* decline certification. (Emphasis supplied)

*Davis v. Smith,* 607 F.2d 535, 540 (2d Cir. 1978).

■ As the Court in *Davis* pointed out, such a determination is not mandatory in cases seeking only prospective declaratory and injunctive relief, but rather is discretionary with the Court. The proper exercise of the Court's discretion in this case compels certification. In light of the defendants' history of noncompliance with the decision of the State's highest Court in *Dunbar,* and inasmuch as defendant Blum

has offered the Court no assurance that she would not continue to enforce the case-record access restrictions in the face of an individual determination by this Court as well, certification is necessary for a final resolution of this issue.

Therefore, the Court hereby certifies a class of plaintiffs to be composed of all persons within New York State who presently have or will in the future have a "fair hearing" request pending on issues relating to the operation of either the AFDC or MA programs.

*Preliminary Injunction*

As previously indicated, plaintiff seeks a preliminary injunction ordering the defendants to (a) inform all AFDC and MA "fair hearing" appellants of their right to complete access to the entire contents of their case records at a reasonable time prior to and during their "fair hearing"; and (b) directing defendants to afford all AFDC and MA "fair hearing" appellants the opportunity to examine the entire contents of their case files at a reasonable time in advance of and during their "fair hearings".

■ Preliminary injunctive relief in the Second Circuit requires a showing of:

> (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir. 1979).

■ In the present case, plaintiff has demonstrated both irreparable harm and a very strong likelihood of success on the merits, and is, in the opinion of this Court, entitled to the preliminary injunctive relief

---

**6.** In opposing class certification, defendant Blum brought to the Court's attention the existence of a class action involving the same issue filed in the Southern District of New York. That action, *Showard v. Bernstein,* 78–CIV–1965 has apparently been pending before the Hon. Mary Johnson Lowe for almost two years. Upon commencement of the action, defendant Bernstein agreed to allow New York City pub-

lic assistance recipients access to their files. As a result apparently no further action has been taken on the case, and no motion for class certification has been brought. As a result, the benefit has inured only to New York City residents. In light of the present posture of the *Showard* case, this Court sees no reason to defer action in the present case.

sought on behalf of herself and the class which she represents in this action.

■ New York State, having elected to participate in the Federal Aid to Families with Dependent Children and Medical Assistance Programs, is required to comply with applicable federal law and regulations. *Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *Hagans v. Lavine, supra*, 415 U.S. at 530, 94 S.Ct. at 1375.

Under 42 U.S.C. § 602(a)(4) with regard to AFDC recipients and 42 U.S.C. § 1396a(a)(3) as to MA recipients, a state plan for participation in either program must provide a recipient, before he is denied benefits, the opportunity for a "fair hearing" before the state agency. Pursuant to authority granted at 42 U.S.C. § 1302, the Secretary of HEW has promulgated regulations for the administration of the various assistance programs contained in the Social Security Act.

One such regulation at 45 C.F.R. § 205.-10(a)(13)(i) applicable to both the AFDC and MA programs, provides that:

(a) *State Plan Requirements.* A State plan . . . shall provide for a system of hearings under which:

\*   \*   \*   \*   \*   \*

(13) The claimant, or his representative, shall have adequate opportunity:

(i) To examine the contents of his case file and all documents and records to be used by the agency at the hearing at a reasonable time before the date of the hearing as well as during the hearing.

The plain language of the regulation as well as an unbroken line of judicial interpretations of 45 C.F.R. § 205.10(a)(13)(i) show that "the contents of his case file" means the entire contents and not merely "information which would be beneficial to him" as determined by the agency or "the case-record, or any part of it, admitted in

evidence in the hearing of an appeal" as provided by the present State regulations. 18 N.Y.C.R.R. § 357.3(c)(1).[7]

In *Areizaga v. Quern, supra*, the Seventh Circuit Court of Appeals, affirmed that portion of a District Court decision which struck down state regulations virtually identical to those presently being challenged, as in direct conflict with the federal regulation. In doing so the Court agreed with the conclusion of the District Court that 45 C.F.R. § 205(a)(13)(i) compelled the state agency to disclose "the entire contents of a welfare recipient's file". *Id.* 590 F.2d at 227.

More recently, the Eighth Circuit Court of Appeals in *Page v. Preisser, supra*, reversed a lower court finding that an Iowa State regulation allowing case-record access only to material to be introduced at a "fair hearing" was not in conflict with the federal regulation. In finding the State regulation void, the Circuit Court quoting in part from the District Court decision in *Areizaga v. Quern, supra*, 442 F.Supp. at 173, found that:

Reasonably construed, 45 C.F.R. § 205.-10(a)(13)(i) "plainly entitles the [recipients] to examine the *entire* contents of their files prior to and during an appeals hearing. . . ."

*Id.* at 341.

The Second Circuit, while not directly addressing the validity of New York regulations being challenged herein, concluded recently in *Yaretsky v. Blum*, 592 F.2d 65, 68 (2d Cir. 1979) that 45 C.F.R. § 205.-10(a)(13)(i) did not facially exempt medically contraindicated information from the access requirement in medical assistance cases, and refused to allow such an exemption. In reaching its decision the Court cited *Areizaga* as well as the decision of the New York Court of Appeals in *Dunbar*, both of which interpreted the regulation as requiring complete access.

The Court in *Page* found, and this Court agrees, that "[t]his change evidences a clear agency intent to provide a recipient not only with the documents that the state plans to use at the hearing, but with all documents and materials contained in his file". *Id.* at 341.

---

7. As pointed out by the Court in *Page v. Preisser, supra*, 585 F.2d at 341 n 5, 45 C.F.R. § 205.10(a)(13)(i) currently in force, superceded 45 C.F.R. § 205.10(a)(10)(i) which specifically limited the recipient's case-record access to those documents to be used by the state at the "fair hearing".

As previously noted, the validity of the State regulations and policies has also been litigated in the New York State Courts. In *Dunbar v. Toia, supra,* while indicating that there might be cogent reasons for the imposition by the federal government of some access restrictions, the Court affirmed a lower court decision invalidating the New York State regulations to the extent that they conflicted with the federal regulation by allowing case-record access only to that portion of the file which is relevant to the hearing. 61 A.D.2d 914, 403 N.Y.S.2d 4 (1st Dept. 1978).

The issue now before this Court has most recently been litigated in the New York State Courts in *Vetter v. Poland,* 421 N.Y. S.2d 398 (2d Dept. 1979), and the provisions at 18 N.Y.C.R.R. §§ 358.12 and 357.3(c) were found by the Court to be "invalid and contrary to law insofar as they limited petitioner's access to her medicaid case file. . . ." *Id.* at 398.

In light of the uniformity of the determinations in cases decided on this issue and the soundness of those decisions, and in light of the plain language of 45 C.F.R. § 205.10(a)(13)(i) allowing access to the *entire* case record, the plaintiff's likelihood of success in this action on her statutory claim is unquestionably strong.[8] Having found that plaintiff has a strong likelihood of success on her claim that the New York State regulations and practices contravene federal requirements, it is not necessary for the Court to reach any conclusion with regard to her due process claims at this time.[9]

Furthermore, plaintiff has demonstrated satisfactorily that she and the members of the class she represents are likely to suffer irreparable injury during the pendency of this action. As has often been recognized by the Courts in public assistance cases, recipients of such benefits are generally completely reliant upon the continued receipt of them for their very survival. See *Caldwell v. Blum,* No. 78–CV–569 (N.D. N.Y., filed Dec. 3, 1979) (order granting preliminary injunction) aff'd. 621 F.2d 491 (2d Cir. 1980); *Rothstein v. Wyman,* 303 F.Supp. 339, 345 (S.D.N.Y.1970). *Accord Boddie v. Wyman,* 323 F.Supp. 1189, 1193 (N.D.N.Y.), aff'd. 434 F.2d 1207 (2d Cir. 1970) aff'd. 402 U.S. 991, 91 S.Ct. 2168, 29 L.Ed.2d 157 (1971). It is not at all inconceivable that the inability to review the case record prior to a "fair hearing" could result in the further inability to prepare properly for the hearing with the result being an erroneous denial of benefits. Thus it is clear that the possibility of irreparable injury in this case is neither remote nor speculative but, in fact, highly likely.

The plaintiff has, therefore, satisfied the requirements for preliminary injunctive relief. The Court finds that the plaintiff and the members of the class which she represents are entitled to the relief sought and hereby directs defendants Nassar and Blum to (a) inform all AFDC and MA "fair hearing" appellants of their right to complete access to the entire contents of their case records at a reasonable time prior to and during the "fair hearing" and to (b) afford all AFDC and MA "fair hearing" appellants the opportunity to examine the entire contents of their case files at a reasonable time in advance of and during their "fair hearings".

IT IS SO ORDERED.

---

**8.** Plaintiff's contention that 45 C.F.R. § 205.-10(a)(4)(B) requires that notice be given to "fair hearing" appellants of their right to case-record access is also likely to be successful on the merits. 45 C.F.R. § 205.10(a)(4) provides generally that when the agency intends to take action to terminate, reduce or suspend public assistance benefits, it must give the recipient adequate and timely notice of that intention. 45 C.F.R. § 205.10(a)(4)(B) defines the term "adequate" as including an "explanation of the individual's right to request an evidentiary hearing". It is inconceivable to this Court that the required explanation would be sufficient without notice of case-record access rights, and in fact, the right to access mandated by 45 C.F.R. § 205.10(a)(13)(i) would be meaningless if "fair hearing" appellants were not advised of its existence.

**9.** See *Hagans v. Lavine, supra,* in which the Supreme Court indicated that a court is obligated to consider the statutory claims in an action prior to reaching constitutional issues.