**Daisy B. WILLIAMS, on behalf of herself, her minor children and all other people who are similarly situated, Plaintiff,**

v.

**Barbara BLUM, individually and as Commissioner of the New York State Department of Social Services, and W. Burton Richardson, individually and as Commissioner of the Monroe County Department of Social Services, Defendants.**

**No. CIV–81–255.**

United States District Court, W. D. New York.

April 24, 1981.

Monroe County Legal Assistance Corporation (John P. Costello, Rochester, N.Y., of counsel), for plaintiff.

Robert Abrams, Atty. Gen. of the State of New York, Rochester, N.Y. (William J. Goldman, Asst. Atty. Gen., Rochester, N.Y., of counsel), for defendant Barbara Blum.

Monroe County Department of Social Services (Charles J. Genese, Rochester, N.Y., of counsel), for defendant W. Burton Richardson.

CURTIN, Chief Judge.

This is a motion for a temporary restraining order and a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure.[1] There was a hearing on April 10, 1981, at which time the parties entered into a number of stipulations. The following are my findings of fact and conclusions of law on the motion for a preliminary injunction.

Plaintiff Daisy B. Williams is a mother of four dependent children. Together with her children, she lives in Rochester, New York. After making application for public assistance on February 6, 1981, she received cash payments and food stamps from the defendant Monroe County Department of Social Services ["the County"].[2] On or

---

1. The complaint was filed on April 7, 1981, and put on Judge Harold P. Burke's calendar in Rochester. Plaintiff brought on a motion for an Order to Show Cause on April 8, 1981. As I was trying a case in Rochester during Judge Burke's illness, I agreed to have this case transferred to my docket. The Clerk shall mark his records accordingly.

2. The parties have stipulated to certain facts. Daisy Williams received assistance from the County as follows:

| Date | Amount | Period Covered |
|---|---|---|
| February 6, 1981 | $376.04 | Cash assistance for the period January 1, 1981– February 28, 1981 |

| Date | Amount | Period Covered |
|---|---|---|
| February 25, 1981 | $855.24 | Cash assistance for the period November 21, 1980– February 25, 1981. This was emergency assistance for fuel. |

In addition, she received food stamps in the following amounts:

| Date | Amount | Month Covered |
|---|---|---|
| January 6, 1981 | $277.00 | January, 1981 |
| February 2, 1981 | $239.00 | February, 1981 |
| February 27, 1981 | $183.00 | March, 1981 |

about March 11, 1981, the County mailed to plaintiff a notice titled "Action Taken On Your Application" which states that plaintiff's application for public assistance and food stamps has been denied. She did not receive a notice of termination of her benefits although the effect was the same; all benefits were terminated.

Plaintiff requested a hearing in a timely fashion on March 19, 1981. The hearing was scheduled for April 14, 1981.[3] Pending a final decision based on the evidence adduced at the hearing, plaintiff requests that the court direct that her aid continue. The continuation of aid is the primary remedy sought in the instant motion.

Preliminary relief such as the "aid continuing" sought here may only be granted if the moving party demonstrates:

> possible irreparable injury *and* either (1) probable success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting preliminary relief.

*Caulfield v. Board*, 583 F.2d 605, 610 (2d Cir. 1978) (emphasis in original). *See also Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*, 638 F.2d 568 (2d Cir. 1981); *Sonesta v. Wellington*, 483 F.2d 247, 250 (2d Cir. 1973).

The plaintiff relies on the "probable success on the merits" part of this test. Plaintiff argues that she is entitled to a pre-termination evidentiary hearing under Fourteenth Amendment case law. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Because of the strength of plaintiff's other arguments, we need not address this question.

Plaintiff also argues that she is entitled to relief under both federal and state regulations. Both sets of regulations require that recipients must be provided with "timely" and "adequate" written notice by the County of plaintiff's right to a hearing before any action is taken to cut off assistance. 45 CFR § 205.10(a)(4); 18 NYCRR § 358.8(a). In addition, plaintiff contends that unless defendants fit within an exception to this general rule, her assistance must be continued until a decision to terminate benefits based on the hearing is received. 45 CFR § 205.10(a)(b); 18 NYCRR § 358.8(c)(1).

■ At the hearing defendants made two responsive arguments. First, they argue that the aid received by plaintiff was a "special allowance" and therefore exempt from the "timely," but not the "adequate," notice provision. A preliminary review of the regulations does not appear to support defendants' position as the exception relied upon requires written notice to plaintiff at the time of the initiation of the allowance that it would automatically terminate at the end of a specified period. 18 NYCRR § 358.8(d)(1)(ix); 45 CFR § 205.-10(a)(4)(ii)(I). In the instant case, plaintiff denies that she was given such a notice, there is no record of a written notice in her file, and no argument that the County ever planned to terminate benefits after a specified time. On this issue, defendants are most unlikely to prevail while plaintiff will likely be successful.

■ Defendants' second argument is that the plaintiff was only granted a "predetermination grant." Pursuant to regulation, such a grant shall only be continued so long as need exists and until an eligibility determination for a so-called categorical eligibility program is definitely established or definitely determined to be lacking. 18 NYCRR § 382.4. The County points to the fact that its investigator found the plaintiff's husband at her home and that he appears to be living there. In addition, the County argues that the state's regulation is not inconsistent with federal regulations. The presence or absence of plaintiff's hus-

---

The plaintiff also asserts she received $94.00 from the County on or about March 2, 1981. Defendants, however, are unable to ascertain from their records whether such assistance was provided.

3. The court is unaware whether the hearing took place as scheduled.

band is a matter for resolution at the hearing. On this record, plaintiff has had no opportunity to answer this charge. There is no reason to believe that the County does not have to continue these benefits until a decision is rendered after a hearing. The simple fact is that neither state nor federal regulations provide for the kind of exception the County insists on. 45 CFR § 205.-10(a)(7); 18 NYCRR § 358.8(d)(2).

Although neither party has cited the court to any cases precisely on point, the court is bolstered in its conclusion that plaintiff is likely to be successful on the merits of her claim by the fact that the hearing requirements of 45 CFR § 205.10 have been found to apply to termination of day-care services, *Mahoney v. Toia*, 572 F.2d 63 (2d Cir. 1978), and to transfers of nursing home medicaid patients. *Feld v. Berger*, 424 F.Supp. 1356 (S.D.N.Y.1976).

█ Finally, there can be no doubt that plaintiff has demonstrated that she and her family will suffer at least the possibility and likely the reality of irreparable harm. Plaintiff alleges that she and her children have no source of support except the welfare benefits which have now been terminated.[4] Lack of food to eat and clothes to wear are the quintessential "irreparable injury." This is not the kind of injury for which subsequent money damages would be sufficient remedy should plaintiff ultimately prevail. *Cf., Jackson Dairy, Inc., v. H. P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir. 1979). It is no more than common sense that in public assistance cases, recipients of such benefits are generally completely reliant on the continued receipt of benefits for their very survival, *Bizjak v. Blum*, 490 F.Supp. 1297 (N.D.N.Y.1980), and even a loss of partial benefits could constitute irreparable injury. *Rothstein v. Wyman*, 303 F.Supp. 339, 351 (S.D.N.Y.1969).

Accordingly, plaintiff's motion for a preliminary injunction will be granted, directing that public assistance shall be reinstated and continued until a decision is rendered after a hearing.[5] 45 CFR § 205.10(a)(7).

The attorneys will meet forthwith and submit a proposed order setting forth the specific terms of the payments. If they cannot agree, they shall meet with the court on Monday, April 27, 1981, at 2 p.m. in Rochester. The order shall be effective immediately upon service on the defendants.

So ordered.

---

4. Earlier plaintiff received child support from her estranged husband, pursuant to a state court order, who himself was receiving Unemployment Insurance benefits. However, that order of support was conditioned on his receiving unemployment compensation. Plaintiff asserts, without contradiction, that those benefits have now run out.

5. The motion for a temporary restraining order is consequently rendered moot and will be denied.