■ In the Matter of SUSAN A. ZELLER, Petitioner, v JOHN R. BEAUDOIN, as Commissioner of Social Services, County of Rensselaer, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State

Commissioner of Social Services which, *inter alia,* discontinued petitioner's Aid to Dependent Children benefits for three months.

Petitioner is the mother of three children who are considered self-supporting by virtue of their Social Security benefits. At all times relevant to this appeal, petitioner was receiving food stamps, medical assistance and Aid to Dependent Children (ADC). Receipt of these benefits was conditioned upon her participation "as directed in Community Work Experience Program [CWEP], CETA, Life Skills or any other training/employment programs approved by Project HIRE", a pilot project approved by the State Department of Social Services. On March 26, 1984 and June 18, 1984, petitioner missed two unrelated scheduled interviews. Contending that her failures to appear were willful, the Rensselaer County Department of Social Services sought to discontinue petitioner's benefits under all three programs.

At a fair hearing, petitioner testified that the illness of her eldest child prevented her from attending the March appointment; however, petitioner provided no verification of this explanation *(see,* 18 NYCRR 351.5). With respect to the June interview, which was for nurse's aid training, petitioner first indicated that her nonappearance was occasioned by not having received notice of that interview. She then attempted to justify her absence by asserting that she had called the establishment where the interview was to be held and learned that she lacked necessary qualifications for the position, i.e., a car and telephone. Respondent State Commissioner of Social Services disbelieved her testimony and concluded that she had willfully missed a scheduled job interview. The sanction imposed for petitioner's misconduct was loss of ADC benefits for a three-month period. Petitioner then commenced this CPLR article 78 proceeding. For reasons unrelated to this proceeding, petitioner was not required to forego receipt of continued medical assistance or food stamps.

Social Services Law § 131 (5) (c) provides that no public assistance be given to an employable person who "willfully fails to report for an interview at an employment office with respect to employment when requested to do so by such office". Excepted from the definition of employable persons are parents who are unable to work because of a need to provide full-time care for children six years of age or older (Social Services Law § 131 [5] [g]). Petitioner claims she is within this exempted class and thus was unemployable. In rejoinder, respondents cogently observe that since the children are all

over six years of age and attend school daily, they do not require full-time care. Consequently, petitioner was indeed employable.

The contention that the evidence is insufficient to support respondents' determination is also belied by the record. Petitioner also challenges imposition of a sanction pursuant to 45 CFR part 238. That regulation authorizes a state to require recipients of ADC benefits to participate in CWEP as a condition of eligibility for aid (45 CFR 238.01, 238.14). For a recipient's first failure or refusal without good cause to participate in the program, the mandated sanction is loss of ADC benefits for three payment months (45 CFR 224.51, 238.22). Here, respondents found such nonparticipation and imposed the appropriate penalty. Inasmuch as ADC is a Federal program which respondents must administer in accordance with Federal regulations *(Matter of Foster v Blum,* 71 AD2d 758, 759; *see, Matter of Dunbar v Toia,* 45 NY2d 764, 766), the sanction dictated was not improper.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.